Argued September 24, affirmed November 22, 1976

GARDNER, *Respondent,*

*v.*

UNDERWRITERS ADJUSTING COMPANY et al,
*Appellants.*

(No. 76 0203, CA 6197)

556 P2d 710

*Dennis R. VavRosky,* Portland, argued the cause for appellants. With him on the brief was McMurry & Nichols, Portland.

*David A. Vinson,* Eugene, argued the cause for respondent. On the brief were Malagon, Starr & Vinson and Evohl F. Malagon, Eugene.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

This workmen's compensation appeal involves an issue similar to that considered in *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976), viz., which of two successive carriers is to be held responsible for an aggravation claim.

Claimant suffered a back injury on August 14, 1972, while working for Owl Drug Store, whose insurer was Underwriters Adjusting Company. On January 19, 1974, the claim against Underwriters was compromised and claimant received an award of seven percent for unscheduled disability. On February 10, 1975, the claimant filed a claim for aggravation. The aggravation claim was supported by letters from two physicians reciting, in substantially the language of ORS 656.273, that her present condition represented aggravation of her original disability.

Claimant testified that her back problems increased beginning in the latter part of January 1974 and that her condition deteriorated thereafter. In the late spring of 1974 she took a job at the Pit Stop Tavern in Eugene. Under cross-examination claimant testified that on one occasion while employed at the Pit Stop Tavern she had to leave work because an exertion caused pain in her right arm and concurrent dizziness. She quit work shortly thereafter and her total tenure at the Pit Stop was about two weeks.

The hearings referee determined that claimant's deteriorating condition was caused by a subsequent injury while working as a bartender at the Pit Stop. The Workmen's Compensation Board affirmed and the circuit court reversed, holding that this case involved an aggravation referable to the original disabling condition.

In this case, unlike *Smith v. Ed's Pancake House, supra,* claimant's testimony indicated a deteriorating condition beginning prior to her second employment

and neither lay nor medical testimony indicates a separate incident arising out of the second employment to which claimant's aggravation might be fairly attributable. The only testimony in the record regarding a second incident was claimant's testimony, elicited on cross-examination, which indicated that her employment in the tavern required bending and lifting which she could not perform without pain and that on one occasion she had to leave early due to dizziness and pain in her right arm. This incident is not reflected in the medical evidence, which refers to an aggravation of the original back problem. We think that the evidence is most consistent with the conclusion reached by the circuit court. The record is insufficient to support a finding of a causal relation between the incident at the Pit Stop Tavern and claimant's aggravated condition. *See also, Barackman v. General Telephone,* 25 Or App 293, 548 P2d 1341 (1976); *Calder v. Hughes & Ladd,* 23 Or App 66, 541 P2d 152 (1975).

Affirmed.