Argued May 25, affirmed July 1, 1971

CUTRIGHT, *Claimant, v.* AMERICAN SHIP
DISMANTLER, *Appellant,* STATE ACCIDENT
INSURANCE .FUND, *Respondent.*

486 P2d 591

*Philip A. Mongrain,* Portland, argued the cause and
filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and Jacob
B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

American Ship Dismantler, the employer, appealed successively from rulings of the hearing officer, Workmen's Compensation Board, and circuit court, each of which found the employer liable for compensation benefits to claimant.

The issue is which of two compensation insurance carriers is responsible. The direct responsibility employer's insurance carrier claims the State Accident Insurance Fund (SAIF), the former carrier for the employer, should be held responsible.

The sequence of events giving rise to the dispute is:

■ A compression fracture and degeneration in the claimant's thoracic spine, possibly predating 1964.

■ An on-the-job injury on November 12, 1966, causing strain of the thoracic spine. This injury was treated in seven chiropractic visits, the last in January of 1967, after which claimant was "symptom free," according to the chiropractor's testimony.

■ A change in the employer's coverage from SAIF to a private carrier.

■ An accident on February 23, 1967, which involved a fall of about 10 feet off a ladder to a point where claimant stopped his fall by grasping the ladder with an arm and leg. He testified to his immediate reaction:

> "I had severe pain in my lower back and, of course, I had pain in my upper back, too. I just

figured I just jerked my arm out of the socket is what it felt like. When I come back down, I could hardly work [walk]. I got over to the craneway * * * .

"* * * * *

"* * * Terrific pain in my right arm and the middle of my back.

"* * * * *

"My main problem is I couldn't walk.

"* * * * *

"[Because of] My hip."

The claimant's chiropractor testified that when the claimant came to him after the latter accident he complained of pain in the low back or hip, not mentioning the thoracic back. But he testified that his examination of claimant disclosed tenderness in the thoracic area. Immediate treatment was for both low and thoracic back. During treatment over a period of months, claimant increasingly complained of disability in the thoracic area. He continued treatments by the chiropractor and an orthopedist.

This brief review of the evidence supports the findings of the previous factfinders. It is argued that all of the earlier trouble claimant had in the thoracic spine, and his emphasis on the low back and hip after the last accident, indicates that his thoracic difficulties are not attributable to the last accident. We do not agree with such an inference. Although the claimant had previous thoracic spinal trouble, all of the evidence taken together indicates that the accident of February 23, 1967, was the primary cause of the instant claim.

At oral argument employer's counsel argued that at the least the recovery of compensation should be ap-

portioned between SAIF and the direct responsibility carrier. We were not cited and we find no satisfactory authority providing for apportionment between carriers in the  Workmen's Compensation Act or in case law.[1]

Affirmed.

---

[1] 3 Larson, Workmen's Compensation Law, § 95.12 (1970), discussing situations where a man has suffered successive on-the-job accidents causing back injuries, where the employer has had different carriers says:

"* * * [I]f the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a pre-existing condition."

Larson appears to believe this is the majority rule, called the Massachusetts-Michigan rule. In § 95.31 he discusses cases where courts in New York and Arkansas apportioned payment between carriers.