Argued September 23, reversed and remanded with instructions
November 5, petition for rehearing denied December 7, 1971,
petition for review denied January 11, 1972

## BERRY, *Appellant, v.* WEYERHAEUSER COMPANY (No. 102102), *Respondent.*

490 P2d 210

*Merwin C. Logan,* Springfield, argued the cause for appellant. With him on the briefs were Moore, Wurtz & Logan, Springfield.

*J. W. McCracken, Jr.,* Eugene, argued the cause for respondent. With him on the brief was Windsor Calkins, Eugene.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Claimant appeals from a judgment of the Circuit Court for Lane County reversing an order of the Workmen's Compensation Board dated December 10, 1970, ordering claimant's employer, defendant Weyerhaeuser Company, to pay for surgery, medical care and time loss allegedly attributable to an on-the-job injury. The Board's order further required that the case be submitted pursuant to ORS 656.268 for an evaluation of permanent disability.

On November 5, 1968, claimant sustained an injury to his right ankle while employed as a choker setter by defendant. Liability for medical and hospital costs for subsequent surgery, as well as for resulting time loss and disability, was denied by defendant.

The record shows the following facts:

In 1964 claimant, while employed as a truck driver in the midwest suffered a major injury to his right foot and ankle in a truck accident. Following extensive surgery in California on account of this injury it was necessary to make a skin transplant over the right ankle. He ultimately recovered from this

injury and was able to resume working. He moved to Oregon. Immediately prior to his employment by defendant he was employed by a Eugene sand and gravel company as a truck driver. The personnel manager of that firm testified as to claimant's health, diligence and reliability. Work had slackened seasonally to the point where claimant felt he had to seek other employment to support his family. He applied for and obtained employment with defendant. He was given a thorough pre-employment medical examination by defendant, during which he advised the examining doctor of his previous injury and was cleared for employment.

On his second day on the job as a choker setter, he fell while carrying a rigging block and reinjured the same ankle. Claimant was taken to the medical aid station where the ankle was bandaged, then to defendant's medical department where he was examined by the defendant's doctor. A Gel-o-cast bandage was placed over the ankle, the claimant was given medication for his pain, given crutches and sent home.

Claimant reported for work the following morning and while on crutches was put to work as a flagman. He testified that he was later advised by his employer that he would have to return to choker setter in a few days as the flagman work was being terminated; that he did not feel he would yet be able to return to the heavier type of work setting chokers with his present injury; that he was advised by the employer that further light work was not available and that if he couldn't return to setting chokers there was no work available to him.

On November 8, 1968, claimant again returned to defendant's medical department complaining that

the pain had worsened and the swelling increased. The bandage was removed. Claimant was attended by a nurse. He apparently became upset over the way his injury was being handled and declined to wait to see the doctor. He left, and as he was going out the company gate, staggered and fell. When found he was complaining of pain, was emotionally upset and was crying. He was returned to the medical department, his boot and bandage removed. As far as the record shows this was the first time the ankle was exposed since the salved bandage was applied three days before. A cracking of skin over the old scar area was observed.

In his employment claimant was required to wear regular-type logger boots instead of the boots he had usually worn.

Three days later, on November 11, claimant went to a Dr. McHan, who observed abrasions and contusions on the right ankle. There was testimony indicating that pressure from the lacing grommets of the logger boots may have caused the abrasions on the foot. Later he received surgical treatment from Dr. McHolick. Subsequently claimant went to California and sought further medical aid from Dr. Sauer, who had previously cared for him following his 1964 injury. Dr. Sauer referred claimant to orthopedic surgeons who performed an arthrodesis of the right ankle. At the time of the operation a piece of loose cartilage was removed from the posterior aspect of the joint. Pain was greatly lessened.

Though the defendant had knowledge of the accident no notice of claim was filed until demand was made by claimant's attorney. After the filing by claimant on March 28, 1969, defendant denied liability

for the various surgical, medical and hospital costs, the time loss and disability of claimant, and attorney fees.

On June 22, 1970, the hearing officer ordered that claimant's claim be remanded to the employer for payment of compensation for the services of Dr. Mc-Han on November 11, 1968, only, and ordered that such compensation for such total disability, if any, resulting from the accident as was found to be related to the ankle injury of November 5, 1968, be paid by defendant. The hearing officer further ordered defendant to pay claimant 25 percent of all compensation now due and owing plus $600 attorney fees.

Claimant was not satisfied with this order and appealed to the Workmen's Compensation Board, which reversed the hearing officer's decision, ordering defendant to pay for all of the surgical and other medical care and time loss and to submit the matter pursuant to ORS 656.268 for evaluation of permanent disability. Defendant then appealed the matter to the circuit court which reversed the Board's order and reinstated the hearing officer's order.

After reviewing the entire record we conclude that the record supports the findings and order of the Workmen's Compensation Board.

Following claimant's first injury to his foot and ankle in 1964 he underwent surgery and treatment from which he recovered with a usable and workable foot and ankle. This is established by the testimony of his last previous Eugene employer as to claimant's health, diligence and reliability. In addition, prior to his employment by defendant he was given a thorough pre-employment medical examination, during which he advised the examining doctor of his previous injury.

He was cleared for employment and commenced work for defendant as a choker setter.

Much space in the record is devoted to the question of whether the skin on the ankle was broken by the 1968 accident. The evidence is conflicting on this. A negative conclusion on this point appears to be the chief basis of the hearing officer's decision. It is entirely probable that the pressure of the grommets on the logger boots which claimant had not worn previously and the work exposure aggravated the previous skin graft area. We do not regard this point as controlling because the actual re-injury was beneath the surface of the skin. We conclude that claimant sustained injury to his right ankle on November 5, 1968, and this injury was rendered much more severe by reason of the old injury of 1964. All the evidence taken together indicates that the 1968 accident triggered what followed and was therefore the primary cause of the instant claim. *Cutright v. Amer. Ship Dismantler*, 6 Or App 62, 64, 486 P2d 591 (1971).

It is understandable that when claimant's ankle did not respond to treatment by defendant's doctor and by Oregon physicians and surgeons, he would again seek aid from the California physician who had successfully treated him previously. The latter referred claimant to orthopedic surgeons who performed an arthrodesis of the right ankle and removed a piece of loose cartilage from the joint.

The judgment of the circuit court is reversed with instructions to enter a judgment reinstating the order of the Workmen's Compensation Board dated December 10, 1970.

Reversed and remanded with instructions.