Argued September 19, affirmed October 13, 1975

CALDER, *Respondent, v.* HUGHES & LADD
(No. L-3859), *Appellant,* and RAY KIZER
CONSTRUCTION COMPANY, *Respondent.*

541 P2d 152

*Dennis R. VavRosky,* Portland, argued the cause for appellant. With him on the brief were McMurry & Nichols, Portland.

*R. Kenney Roberts,* Portland, argued the cause for respondent Ray Kizer Construction Company. With him on the brief were Jones, Lang, Klein, Wolf & Smith, Portland.

No appearance by respondent Douglas Calder.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Claimant incurred a back injury on April 4, 1972 while driving heavy construction equipment for Hughes & Ladd Construction Company and received compensation therefor until June 9, 1972 when his condition was considered medically stable and benefits ceased. He continued work. Shortly thereafter he got another job in similar work but on smoother roads. Also, for several months he was off work with a broken leg incurred in a nonwork accident. On May 22, 1973 his back became worse on the job again when a truck he was driving for a new employer, Ray Kizer Construction Company, went over a bump made by a heap of crushed rock. This happened at about 9 a.m. and he worked until noon. He has not worked since that day and is in need of spinal surgery, subject to reducing his pronounced obesity.

He made claims to the insurance carriers for Hughes & Ladd and Kizer respectively for the second back injury and each rejected his claim.

He requested a hearing, the two claims were consolidated for hearing and thereafter the referee found Hughes & Ladd responsible and affirmed Kizer's rejection of the claim made against it. A remand to the referee was made and after considering more evidence the referee was still of the same opinion. On appeal to the Workmen's Compensation Board and the circuit court, the referee's findings were affirmed. In Hughes & Ladd's appeal to this court, Kizer has moved for dismissal of the part of the appeal which makes it a respondent. It contends that each case was separate; that, when claimant took no appeal from the referee's finding in its case, that ended the matter as far as Kizer was concerned; and that Hughes & Ladd was no party to Kizer's case and, hence, could not appeal it.

ORS 656.307(1) provides:

"Where there is an issue regarding:

"* * * * *

"(c) Responsibility between two or more employers or their insurers involving payment * * * for two or more accidental injuries * * *

"* * * * *

the board shall, by order, designate who shall pay the claim, if the claim is otherwise compensable * * *."

Copies of letters in the record show that on July 9, 1973 Kizer's carrier denied the claim against it, saying:

"* * * * *

"We do not feel that the claim is compensable and, therefore, are denying the claim. Our reason is as follows:

"1] In view of the fact that your back never really healed from an injury with your prior employer we feel that the claim should be exerted against the previous employer * * *.

"* * * * *"

and that on September 11, 1973 Hughes & Ladd's carrier denied the claim against it, saying:

"* * * * *

"* * * [T]he trauma * * * received in May of this year was a new incident * * * a new claim under his employer coverage, with whom he was employed at that time, and not an aggravation [of the injury of April 4, 1972].

"* * * * * *"

■ From these rejections it is clear that neither employer denied claimant was suffering injury. Each simply was saying any injury he had should be compensated by the other, and for that reason the claim against it was being denied. This appears to be a situation which ORS 656.307(1), from which we have quoted above, was intended to cover. Otherwise, situations could arise where an injured workman entitled to benefits could let appeal time run out against one of two findings like there are here, lose out on the appeal taken on the other, and be left with nothing. The motion made by Kizer to dismiss the appeal is denied.

We think the order on appeal made by the Workmen's Compensation Board adequately covers its responsibilities under ORS 656.307(1).

■ On the merits of both claims, we have reviewed the evidence. It shows to our satisfaction that claimant had not recovered from his April 1972 injury. He was having much difficulty preceding the incident of May 1973, and it appears that that incident merely precipitated what was going to happen in a very short time anyway. The combination of the prior injury and claimant's obesity appears to have assured that. 3 Larson, Workmen's Compensation Law § 95.12 (1970), in this context, says:

"The Massachusetts-Michigan rule in successive-

injury cases is to place full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

"If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. In this class would fall most of the cases discussed in the section on range of consequences in which a second injury occurred as the direct result of the first, as when claimant falls because of crutches which his first injury requires him to use. *This group also includes the kind of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion.*" (Footnotes omitted.)[1]

The line of distinction between which of the employers is responsible is admittedly a very fine one, but we agree with the findings of the referee, the Board and the circuit judge in this respect.

Affirmed.

---

[1] We quoted from a later paragraph of 3 Larson, Workmen's Compensation Law § 95.12 (1970) in Cutright v. Amer. Ship Dismantler, 6 Or App 62, 486 P2d 591 (1971), a case not in point on its facts with that at bar.