SMITH, *Respondent,*
*v.*
ED'S PANCAKE HOUSE et al, *Appellants,*
and
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 76 0769, CA 6483)
556 P2d 158

*G. Howard Cliff,* Portland, argued the cause for appellants. With him on the brief was Frank V. Langfitt III, Portland.

*Larry A. Brown,* Eugene, argued the cause for respondent Janet Gayle Smith. With him on the brief were Flinn, Lake & Brown and William E. Flinn, Eugene.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent State Accident Insurance Fund. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

Claimant was involved in two successive industrial accidents. The issue in this appeal is which of two compensation carriers must bear the cost of claimant's workmen's compensation claim. The Workmen's Compensation Board held that the State Accident Insurance Fund (SAIF), which was the insurer at the time of the second accident, was primarily liable for claimant's coverage. The circuit court reversed, holding that Industrial Indemnity Company, the insurer at the time of the first accident, was solely liable. Industrial Indemnity appeals to this court.

Claimant sustained a compensable injury on May 18, 1973, while employed as a fry cook for Ed's Pancake House, whose compensation carrier was Industrial Indemnity Company. Claimant's testimony was that her upper back was her primary complaint following the 1973 injury. Her treating physician's reports indicate problems in the mid-thoracic region but a primary pain in the lumbar region. No sciatic pains were evident following the 1973 accident. In July of 1973 claimant was declared medically stationary. She continued to work at Ed's, however, until March 1974. Claimant testified that she left work at Ed's because of personal problems and that she did not have significant physical impairment at that time. Her physician contemporaneously reported mid-thoracic and low back problems with no sciatic tenderness.

Following her departure from Ed's Pancake House, claimant went to work for Deb's Downtown Restaurant, whose carrier was SAIF. On April 17, 1974, claimant slipped and fell while working at Deb's. Both claimant and fellow workers testified that the fall had a significant impact on claimant's ability to work, and that her primary complaint after the fall was low back or lumbar pain. The chart notes by Dr. Schroeder, claimant's physician, indicate no significant change and the incident was not mentioned when, in May of

1974, Dr. Schroeder next examined the claimant. Dr. Schroeder later indicated that he recalled claimant's having mentioned the fall at Deb's but that it was not specifically noted on the chart. Claimant testified that she left her job at Deb's on May 11, 1974, when she could no longer perform her duties. Dr. Schroeder next examined claimant in late October of 1974 and noted increasing low back pain and severe sciatic pain extending down the left leg.

The dispute in this case is referable to two apparent inconsistencies in the record: (1) During testimony before the referee the claimant denied that she had low back pain following her first injury. Medical records indicate a diagnosis of acute lumbar strain. (2) Medical records following a consultation with Dr. Schroeder on May 7, 1974, three weeks after claimant's fall at Deb's, do not indicate a change in her condition and do not mention the fall, although Dr. Schroeder later recalled that claimant did mention her fall during the consultation. The referee resolved the problem by finding that claimant did have low back pain prior to the fall but found, on the basis of co-workers' testimony and Dr. Schroeder's subsequent diagnosis of increased low back pain and sciatic pain, that the evidence indicated more severe low back problems after the April 1974 fall. His conclusion was that the April 1974 incident was a material contributing cause of claimant's present condition and that SAIF was, therefore, the responsible insurer. We agree.

In *Cutright v. Amer. Ship Dismantler,* 6 Or App 62, 486 P2d 591 (1971), we tacitly accepted the Massachusetts-Michigan rule in cases involving successive injuries and successive insurance carriers. As stated in 4 Larson, Workmen's Compensation Law 17-71—17-78, § 95.12 (1976):

> "The 'last injurious exposure' rule in successive-injury cases places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

"If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. In this class would fall most of the cases discussed in the section on range of consequences in which a second injury occurred as the direct result of the first, as when claimant falls because of crutches which his first injury requires him to use. This group also includes the kind of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion.

"On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a pre-existing condition."

*See also, Calder v. Hughes & Ladd,* 23 Or Ap 66, 541 P2d 152 (1975); *Barackman v. General Telephone,* 25 Or App 293, 298, 548 P2d 1341 (1976).

In this case the bulk of the evidence supports the conclusion that claimant's condition was relatively stable until the April 1974 fall and that the fall precipitated increased lumbar pain and severe sciatic pain. We therefore conclude that the second insurer, SAIF, is the responsible insurer.

Reversed.