Argued February 24, affirmed April 17, 1978

CROSBY, *Petitioner,*
*v.*
GENERAL DISTRIBUTORS, *Respondent.*
(No. 77-87, CA 9434)
577 P2d 88

Mark Braverman, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Philip A. Mongrain, Beaverton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

Claimant appeals a denial by the Workers' Compensation Board of a claim of aggravation. The Board affirmed the hearings officer.

Claimant worked for the same employer at all pertinent times. In 1971 he suffered an industrial injury to his back for which he ultimately received an unscheduled permanent partial disability of 20 percent. The employer was privately insured.

Claimant suffered another injury to his back in 1973 for which he ultimately received an additional unscheduled permanent partial disability award of 30 percent. The insurer of the 1973 award was the State Accident Insurance Fund, the employer having changed insurer in the interim.

This claim is brought as an aggravation of the 1971 injury. The claimed aggravation consists of a general worsening of back injury symptoms. Upon hearing opening statements, the hearings officer suggested to claimant's counsel that he join SAIF, the insurer of the 1973 accident, as a party. The suggestion was not accepted. Therefore the issue is whether the aggravation, if any, arises from the 1971 injury. No question of aggravation of the 1973 injury is presented and we express no opinion in that regard.

Claimant contends on review that two-fifths of the aggravation (corresponding to the 20 percent disability award) should be regarded as aggravation of the 1971 injury. We see no reason to adopt a piecemeal approach.

This court has adopted and repeatedly applied the so-called "last injurious exposure rule," *see* 4 Larson, Workmen's Compensation Law § 94.12 (1977). Where a subsequent injury contributes independently to a claimant's disability, the first injury is effectively superceded and the latter insurer is solely liable for the entire resulting disability. In such a situation

apportionment of aggravation between the injuries is impracticable and inappropriate. *Smith v. Ed's Pancake House,* 27 Or App 361, 364, 556 P2d 158 (1976); *Cutright v. Amer. Ship Dismantler,* 6 Or App 62, 486 P2d 591 (1971). Here, the aggravation, if any, is aggravation only of the 1973 injury. The claim of aggravation of the 1971 injury must therefore be denied.

Affirmed.