Argued and submitted November 14, 1979,
reversed January 14, 1980

BUCHANAN,
*Petitioner,*
*v.*
OWEN CHEVROLET, et al,
*Respondents.*

(Nos. 78-1369, 78-2603, CA 14682)

604 P2d 1277

M. Elliott Lynn, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

A. Thomas Cavanaugh, Portland, argued the cause for respondent Owen Chevrolet. With him on the brief were Richard C. Pearce and A. Thomas Cavanaugh, P.C., Portland.

[31]

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent State Accident Insurance Fund. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The issue in this workers' compensation case is whether claimant's disability is the result of an aggravation of an injury incurred while working for Owen Chevrolet or a new injury while working for Sandy Auto Body.

Claimant at all relevant times worked as an automobile body repairman. On April 22, 1977, while employed for Owen Chevrolet, he fell and twisted his back while lifting the rear bed from a pickup truck. About an hour after the accident claimant began to suffer back pain, which continued to increase. Claimant was treated by a chiropractor and missed one-half day of work. Within a few days his back pain diminished but his right hip and upper thigh became painful. He continued to work in spite of the pain. He began to walk with a limp, favoring his right leg.

In September, 1977, claimant went to work for Sandy Auto Body. His work, like that at Owen Chevrolet, involved general automobile body repair. The pain in his hip and leg remained.

On November 10, 1977, claimant entered the hospital for three weeks for an unrelated problem. While he was hospitalized he received heat treatment and massage on his leg and back. The pain diminished. He returned to work and shortly thereafter the pain reappeared. It intensified to a point more severe than it had previously been. Claimant's last day of work was Friday, December 23, 1977. The following Monday he went to a doctor and was referred to a back specialist. On January 11, 1978, he underwent surgery on his lower back.

Claimant filed an initial injury claim against Sandy Auto Body and an aggravation claim against Owen Chevrolet. Both claims were denied. After hearing, the referee ordered the carrier for Owen Chevrolet to

[33]

accept the claim. The referee found no basis for imposing responsibility on Sandy Auto Body, who was insured by SAIF. The Board reversed the order only as it pertained to Owen Chevrolet. Claimant appeals seeking compensation from either employer.

In *Smith v. Ed's Pancake House,* 27 Or App 361, 364, 556 P2d 158 (1976), we quoted from 4 Larson, Workmen's Compensation Law 17-71--17-78, §95.12 (1976):

" 'The "last injurious exposure" rule in successive-injury cases places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

" '*If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second.* In this class would fall most of the cases discussed in the section on range of consequences in which a second injury occurred as the direct result of the first, as when claimant falls because of crutches which his first injury requires him to use. *This group also includes the kind of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability* precipitated by some lift or exertion.

" 'On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a pre-existing condition.' " (Emphasis added.)

*See also Gilroy v. General Distributors,* 35 Or App 361, 366-67, 582 P2d 428 (1978).

The referee's order stated:

"The evidence in the present case shows that following his injury while employed at Owen claimant

developed first back symptoms followed by radiation into the hip and leg. Claimant's credible testimony was that the latter symptoms did not occur until a week after the injury which explains why these symptoms were not related to Dr. Corrado. Although he continued to work, claimant's symptoms persisted and were continuous although they varied in intensity. The lay testimony shows that claimant walked with a limp and complained of back problems prior to and from the inception of his work at Sandy Auto [Body]. The evidence shows further that there was no incident or injury which occurred while claimant was employed at Sandy Auto [Body]. Under these circumstances and applying the principles quoted above I find that claimant had merely a recurrence of the first injury after a period of work with continuing symptoms indicating that the original condition persisted. I find that Owen Chevrolet is the responsible carrier. "

We agree with the referee. The evidence, medical and lay, persuades us that in late December, 1977, claimant suffered an aggravation of his April 22, 1977, injury.

Reversed.