Argued and submitted January 21, affirmed April 7, 1980

In the Matter of the Compensation of
LEEP, Claimant,
*Respondent and Cross-Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner and Cross-Respondent,*
WEST COAST TRUCKING,
*Respondent.*

(WCB Nos. 78-4305, 78-5090, CA 15141)

608 P2d 1218

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for petitioner and cross-respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Robert K. Udziela, Portland, argued the cause for respondent and cross-petitioner. On the brief were Dan O'Leary, William J. Scheiderich, and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Eileen Tuhy Cole, Medford, argued the cause for respondent. With her on the brief was Velure & Heysell, Medford.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

The State Accident Insurance Fund (SAIF) appeals from an order of the Workers' Compensation Board (Board) which reversed the referee's order and directed SAIF to allow claimant's claim for a new injury.

Claimant had first filed a claim for aggravation with the employe's carrier, Mission Insurance Group (Mission). After this claim was rejected by the carrier, he filed a claim for a new injury with SAIF. It was also denied. The referee affirmed both denials. On review, the Board reversed the referee's order as to SAIF.

The essential facts are: Claimant has worked as a truck driver since 1948. He first injured his back in 1961 while employed by Leep Logging Co., when he slipped and fell off his truck. This resulted in a laminectomy performed by Dr. Campagna of Medford in 1961. Thereafter he returned to work as a truck driver. He worked without incident until June 16, 1975, when he again injured his back while loading pipe at West Coast Trucking Company. He then sought treatment from Dr. Beber in Myrtle Point. Dr. Beber prescribed medication and referred claimant to Dr. Campagna in Medford.

The claim was accepted by Mission, and after a period of conservative treatment, was closed.

In September, 1975, claimant opened his own auto repair shop in Myrtle Point and elected to come under SAIF coverage. Although he carried on his auto repair business full time, claimant testified that his low back was painful and became increasingly so when he had occasion to do any lifting both on the job and at home. Claimant was again referred to Dr. Campagna by another physician.

On April 29, 1976, claimant was examined by Dr. Campagna for complaints of low back pain and intermittent left leg pains.

On September 12, 1977, claimant returned to Dr. Campagna, complaining again of intermittent problems with his low back and left leg, stating that he had problems with lifting and bending and that he had "strained his back" about 50 times in the last year. It is important to note, however, that this report states: "This * * * patient * * * has had intermittent problems with his low back and left leg. He has been able to tolerate his symptoms *until about two weeks ago when he strained his back while lifting at work.*" (Emphasis added.)

On September 16, 1977, Dr. Campagna operated on claimant to remove his recurrent extruded L4 disc. Mission reopened claimant's claim and began paying time loss.

On February 8, 1978, Dr. Campagna reported to Mission that although claimant was improved since surgery, he was unable to return to his automotive repair work.

On April 27, 1978, Dr. Campagna wrote to Mission, stating that "after review of my records, it is my considered medical opinion that Mr. Leep's low back problem was related to the injury that he sustained in September, 1977, while working."

Mission denied responsibility for claimant's back problems on March 12, 1978. Claimant then filed a claim with SAIF on June 8, 1978, describing his injury in the following terms: "repeated bending and lifting of tools and parts aggravated preexisting back injury."

SAIF denied responsibility on June 27, 1978, both because of the late filing and because there was no medical evidence to substantiate an on-the-job accident, incident or episode.

At the hearing before the referee, the attorney for Mission introduced into evidence a film taken in October, 1978, which depicts claimant doing a number of work tasks at his repair shop. He also introduced into evidence a signed statement given by claimant to an

insurance investigator in which claimant stated that he did not recall any specific incident of injury before his September, 1977, surgery, and concluded:

> "I am totally convinced that my present problems are due to my injury of 1975 which just continued to get worse. I am positive that no specific injury occurred between 1975 and my recent surgery. Riding in a car or sitting or standing still bothers me as much as anything."

The main thrust of SAIF's argument on appeal is that claimant did not prove that he sustained a new injury prior to his September, 1977, surgery and that the terse medical opinion of Dr. Campagna dated April 27, 1978, is contradicted by the evidence and claimant's signed statement to the insurance investigator.

Based on our de novo review of this record, including the film, we conclude that claimant did in fact sustain an injury while working at his auto repair shop prior to his September, 1977, surgery, and that this injury naturally worsened his condition. *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976); *Calder v. Hughes & Ladd,* 23 Or App 66, 541 P2d 152 (1975).

This conclusion is supported by competent medical evidence. SAIF offered no medical evidence to controvert it. As to the inconsistency asserted by SAIF between claimant's statements and Dr. Campagna's opinion relative to the occurrence and nature of the 1977 injury, we are satisfied that the injury did occur as reported by Dr. Campagna. Dr. Campagna was thoroughly familiar with the history and extent of claimant's back problems since he had treated him off and on since 1961. Further, we do not regard claimant's statements as actually inconsistent with Dr. Campagna's opinion when read in their entirety. We agree with the Board that this claim should therefore be remanded to SAIF to be accepted and for payment of compensation as provided by law.

Affirmed.