On respondent State Accident Insurance Fund Corporation's reconsideration filed May 21, former opinion filed May 18 (52 Or App 317, 628 P2d 437), reconsideration granted; former opinion adhered to as modified June 29, petition for review denied July 28, 1981 (291 Or 368)

In the Matter of the Compensation of Robert DeGraff, Claimant.

## J. C. COMPTON COMPANY, *Petitioner,*

*v.*

## DeGRAFF et al, *Respondents.*

(WCB No. 78-7405 & 78-9173, CA 19196)

630 P2d 895

K. R. Maloney, General Counsel, James A. Blevins, Chief Trial Counsel, and Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, for petition.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

We grant this petition for reconsideration in order to clarify our opinion. Petitioner SAIF disputes language in the opinion which states, "[W]hether claimant suffered an aggravation or new injury is determined by the medical evidence * * *."[1] We did not mean, of course, that the medical evidence is the sole determinative factor. Our review procedure is to consider the facts of each case and then apply statutory or judicially established rules, e.g., the last injurious exposure rule, *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976), or the continuing symptoms rule, *Barackman v. General Telephone,* 25 Or App 293, 548 P2d 1341 (1976), to those facts to determine the ultimate question of whether a compensable event is an aggravation of an old injury or new injury. It may not be clear that this is what we did in our original opinion in this case.

In this particular case the two insurers aggressively sought the opinions of the doctors on the question of aggravation versus new injury and were preoccupied with arguing about what the doctors said. We noted the referee's statement to the effect that "[t]he medical opinions * * * do not help in the resolution of the issue of aggravation versus new injury because they are conflicting and contradictory. This is due primarily to the fact that the medical definitions of aggravation versus new injury do not necessarily fit the legal definition as identified in the applicable law * * *." 52 Or App at 321. However, we misspoke ourselves when we said, "[t]he statements made by the doctors who said that this was an aggravation carry the greater weight and are, therefore, dispositive of this case." The doctors' statements carried only *part* of the weight in our decision.

While we may have, in our original opinion, mistakenly duplicated the insurers' emphasis on the doctors' conclusions, in our own effort to apply all the evidence available in deciding this very close question, we adhere

---

[1] SAIF argues that this language is erroneous, in that the determination of whether there is an aggravation or new injury is an issue of law. We point out to petitioner that we have said "[W]hether the disability is the result of an aggravation of a previous compensable injury or a new injury is a factual issue." *Hanna v. McGrew Bros. Sawmill,* 44 Or App 189, 194, 605 P2d 724, *modified on other grounds,* 45 Or App 757, 609 P2d 422 (1980).

to the result in our previous opinion. Despite conflicts in the medical evidence, we conclude, as we did in the first opinion, that the evidence establishes claimant suffered an aggravation of a previous injury.[2] Claimant's own testimony indicates an aggravation of his old injury, 52 Or App at 321-22, specifically, that portion of claimant's testimony that he had had continuing back pains and that the pains had become worse. The referee who had the opportunity to see claimant and to assess his credibility also found his condition to be an aggravation.[3]

As we noted in *Calder v. Hughes & Ladd,* 23 Or App 66, 70, 541 P2d 152 (1975), in cases involving successive injuries "[t]he line of distinction between which of the employers is responsible is admittedly a very fine one * * *." As petitioner points out, the issue is whether the injury is a new one under the last injurious exposure rule, or whether it is an aggravation of a pre-existing condition. *Compare Smith v. Ed's Pancake house, supra,* with *Calder v. Hughes & Ladd, supra.* Our evaluation of the medical evidence here, along with the claimant's own testimony, leads us to conclude again that the evidence militates in favor of aggravation.

Reconsideration granted; former opinion adhered to as modified.

---

[2] We find the statements of Dr. Fax, claimant's treating physician, particularly significant. While he reported a "new nerve symptomatology" and indicated that claimant's left leg was affected instead of his right, his chart notes that claimant is suffering "recurrent low back pain and sciatica which is probably an aggravation of his old injury, and the sciatica may be due to some pulling of the scar tissue from his old laminectomy."

[3] SAIF did claim it was prejudiced by the testimony of claimant at the hearing because of the disputed claim settlement claimant had entered into with the other insurer. We discussed the disputed claim settlement issue at length in our previous opinion and found the settlement to be invalid. On the record before us we are unable to determine if claimant's testimony was influenced by the settlement; however, the referee, who was aware of the purported settlement, found claimant credible in all respects.