In the Matter of the Compensation
of Kenneth L. Elliott, Claimant.

## CLAYTON'S AUTOMOTIVE et al,
*Petitioners,*

*v.*

## STAYTON AUTO SUPPLY et al,
*Respondents.*

(WCB Case Nos. 79-08090 and
79-04846, CA A21216)

636 P2d 1020

Paul D. Clayton, Eugene, argued the cause for petitioners. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Emil R. Berg, Portland, argued the cause for respondents Stayton Auto Supply and Scott Wetzel Services, Inc. On the brief were Darryll E. Klein and Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Robert Muir, Albany, argued the cause for respondent Kenneth L. Elliott. With him on the brief was Emmons, Kyle, Kropp & Kryger, Albany.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

This case presents a factual question whether claimant's low back injury was an aggravation of a previous compensable injury or a new injury. The Workers' Compensation Board, reversing the referee, determined that it was a new injury. The responsible employer and insurer appeal, and we affirm.

In November, 1974, while working for Stayton Auto Supply (Stayton), claimant injured his low back lifting a wheel and tire. A lumbar laminectomy was performed, and claimant received a compensation award for 30 percent unscheduled permanent partial disability. Claimant was hospitalized in December, 1976, and April, 1978, during bouts of low back pain. In June, 1978, for the first time, claimant returned to work; his employer was Clayton's Automotive (Clayton), which had taken over the business of Stayton. On March 1, 1979, claimant tripped over a piece of lumber and fell forward into a pile of oil barrels. Claimant immediately experienced severe pain in his lower back and was forced to lie down for a time before he could stand; his wife came and drove him home. Claimant saw his doctor the next day and was put on medication. On March 7, 1979, claimant was admitted to Salem Hospital for conservative lower back management. Prior to the 1979 incident, claimant had had an eight-month period of relative stability. Following the incident, claimant required hospitalization in August, 1979, February, 1980, and June, 1980, with recurrent lumbosacral strain. After the March incident, claimant did not return to regular employment.

The final medical opinions of the physicians involved in this case (Drs. Boughn and Buza, and Orthopaedic Consultants), are that claimant's 1979 incident was a worsening or aggravation of the earlier low back injury. In an initial report dated March 6, 1979, Dr. Boughn checked the "yes" box in response to the query: "Is condition requiring treatment the result of the industrial injury or exposure described?" In January, 1980, Dr. Boughn amplified that earlier opinion:

"The questions that you ask, especially your final question concerning his treatment as to relationship either to the March 1979 or the November 25, 1974 incident is an

extremely difficult one to answer. You will find enclosed in this letter several items of correspondence which have attempted to address this fact. *Certainly a person with a normal back would not have experienced as much pain from the injury in March of 1979 and would have probably lost very little time at work with such a minor injury. However, I must admit that before this injury [claimant] was gainfully employed, making only occasional visits to this office for back pain, and he has been totally disabled since the last injury."* (Emphasis added.)

This letter is somewhat ambivalent; the physician does not directly express an opinion on the aggravation/new injury issue, though the language used suggests a new injury. However, Dr. Buza reported in September, 1979, that the March injury was not a new injury, that the 1974 injury was exacerbated by the 1979 incident and that claimant had "basically the same pain" as before. When this report was sent to Dr. Boughn in May, 1980, for his comment, he jotted down the reply, "I concur." It is argued that Dr. Boughn must thus be counted in the aggravation camp. Finally, in May, 1980, Orthopaedic Consultants unequivocally stated that claimant's condition was a continuation of his initial 1974 injury and not a new or separate injury. It is worth noting, however, that the Orthopaedic Consultants group appears to have been under the impression that claimant had seen his doctor on "multiple occasions" in 1978, when, in fact, claimant had had an eight-month, trouble-free period immediately prior to his injury.

The circumstances surrounding the trauma of March, 1979, suggests that a new injury could have occurred at that time: the period of relative stability prior to the incident, the traumatic and painful fall itself, and the total disability and increased frequency of hospitalization following the incident. While it is conceded that claimant's problems resulting from the March fall were confined to the same area of the back previously injured, that fact does not rule out the possibility of a new injury to that area. We find Dr. Boughn's January, 1980, letter describing claimant's condition in terms of a new injury, complicated by his previously weakened back, more persuasive than his subsequent conclusory concurrence with Dr. Buza's September, 1979, report. In any event, Dr. Buza's conclusion that the 1974 injury "was exacerbated by his injury in March of

1979" is not inconsistent with a new injury. Dr. Buza concluded "there is an increase of severity, duration of his pain that was exactly the same pain that occurred in 1974 and that he has had since that time with his injury from 1979." We interpret Dr. Buza's report to mean that while the 1979 incident injured the same area of claimant's back, and that the nature of the pain was the same, it was increased in severity and duration by the trauma. This, taken with Dr. Boughn's opinion that the new trauma resulted in an increase in disability, warrants a conclusion that a new injury occurred.

Here, as in *Smith v. Ed's Pancake House,* 27 Or App 361, 365, 556 P2d 158 (1976), the claimant was relatively stable for a period of time prior to March, 1979. His fall precipitated increased pain and disability. Quoting from 4 Larson, Workmen's Compensation Law § 95.12 (1976), we noted that:

> " ' * * * [I]f the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the ab-
> sence of the prior condition, and even if the prior injury contributed the major part to the final condition. * * * ' "

We conclude that the 1979 incident contributed significantly to the causation of the claimant's present disabling condition and that, therefore, the second employer and its insurer are the responsible parties.

Affirmed.