Argued and submitted July 28, affirmed September 15, 1982

In the Matter of the Compensation of
Michael Dobbs, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

DOBBS et al,
*Respondents.*

(No. 80-06514, CA A24004)

650 P2d 1086

Darrell E. Bewley, Appellate Counsel, Salem, argued the cause and filed the brief for petitioner.

Raymond Smitke, Tualatin, filed the brief for respondent Michael Dobbs.

John E. Snarskis, Portland, argued the cause for respondents Willharp, Inc./Timjoist, Inc. and Industrial Indemnity.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

The issue in this workers' compensation case is the assignment of responsibility between carriers. Neither employer denies the compensability of the claim, but each contends that the other is responsible. The referee found Industrial Indemnity, the carrier for Timjoist, Inc., liable. The Workers' Compensation Board found SAIF, Viking Industries' carrier, liable, and SAIF appeals. We affirm.[1]

Claimant sustained a compensable back injury in September, 1979, while working for Viking as a glazer and a punch press operator. After his condition improved, he returned to work. His claim was closed in November, 1979, with an award for time loss only. On October 15, 1979, claimant began working at Timjoist, Inc., as a gluer and offbearer. Thereafter, he was laid off periodically but worked steadily at Timjoist, Inc., from March, 1980, until May 21, 1980, when he experienced a sudden onset of back pain while at work. On May 27, 1980, claimant was hospitalized; in June, a myelogram was performed, revealing a large herniated disc; on July 1, 1980, surgery was performed.

SAIF contends that claimant's disability and resulting surgery were caused by a new injury on May 21, 1980. It argues that the "last injurious exposure rule" as stated in *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1978), is dispositive:

"As stated in 4 Larson, Workmen's Compensation Law 17-71-17-78, § 95.12 (1976):

" 'The "last injurious exposure" rule in successive-injury cases places full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

" 'If the second injury takes the form merely of a recurrence of the first and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. * * *

" 'On the other hand, if the second incident contributes independently to the injury, the second insurer is solely

---

[1] Claimant agrees with SAIF that Industrial Indemnity is the responsible carrier.

liable even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principal of the compensability with the aggravation of a pre-existing condition.' " 27 Or App at 364-65.

SAIF maintains that application of the rule would place full liability on Industrial Indemnity as the carrier covering the risk on May 21, 1980. Industrial Indemnity challenges the applicability of the "last injurious exposure rule" and contends that, in any event, claimant's disability is the result of an aggravation of the injury incurred in September, 1979.

The events of May 21, 1980, are in dispute. Claimant maintains that he injured his back when he bent over to set down an empty glue bucket that weighed about one pound. Claimant's foreman contradicts claimant's account of what transpired. The referee found claimant less than credible and gave greater weight to the testimony of other witnesses and medical experts. The Board found that there was a "dearth of evidence in the record indicating that any kind of incident occurred at Timjoist. * * * The best that can be said of the matter is that claimant's back was bothering him at work on May 21, 1980." The Board concluded that the medical evidence supported a finding of an aggravation of claimant's injury of September, 1979. We agree.

Claimant was diagnosed as having a chronic lumbosacral strain before the September, 1979, accident. After the compensable injury, he suffered lumbosacral pain radiating down the entire leg to the foot. Of those medical experts who were familiar with claimant's complete history, all agreed that the herniated disc was "coming on over a long period of time." Dr. Raaf, a neurosurgeon, reported:

"I think it is probable that sooner or later it would have been necessary for the patient to have an operation for a protruded disc whether he was gainfully employed on the job or working around the house doing daily chores."

Dr. Berselli, the treating orthopedist, testified that it was not unusual for a person to suffer a herniated disc and then to have a period of remission. Given claimant's history of radicular pain, a suspected disc problem in 1979

and Dr. Raaf's opinion that "* * * sooner or later enough disc material would have extruded, regardless of activity * * *," we are persuaded that the requisite proof of a causal relationship between claimant's disability and the Viking injury has been presented. We conclude that whatever minor incident, if any, occurred in May, 1980, it did not contribute even minimally to claimant's disability. *Calder v. Hughes & Ladd*, 23 Or App 66, 541 P2d 152 (1975).

Affirmed.