Argued and submitted November 15, 1982, affirmed March 30, 1983

In the Matter of the Compensation of
Kevin J. McAllister, Claimant.

## HOFFMAN CONSTRUCTION CO.,
*Petitioner,*

*v.*

## MCALLISTER,
*Respondent - Cross-Petitioner,*
*and*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent - Cross-Respondent.*

(80-08117; 80-08118; CA A24001)

660 P2d 1082

J. P. Graff, Eugene, argued the cause for petitioner. On the briefs were Katherine H. O'Neil, Lawrance L. Paulson and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Robert K. Udziela, Portland, argued the cause for respondent - cross-petitioner. With him on the briefs was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Emil R. Berg, Portland, argued the cause for respondent - cross-respondent. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

### YOUNG, J.

The issues in this workers' compensation case are whether claimant suffered a second injury and, if so, whether the employer at the time of the original injury or the employer at the time of the second injury is responsible for compensation. We review *de novo,* ORS 656.298(6), and affirm the decision of the Workers' Compensation Board.

Claimant was injured on the job January 5, 1979, suffering a severe muscle injury to his neck and to a lesser extent muscle strain and interscapular pain in the thoracic region of his back. Claimant's symptoms continued (although intermittently) throughout 1979. He ultimately received an unscheduled permanent partial disability award for his upper back condition. Claimant was cautioned that heavy labor could cause a recurrence of symptoms.

On July 1, 1980, claimant began work for a new employer, using a pick, shovel and wheelbarrow. After one day's labor he did not return to work. The next day, his treating physician diagnosed a thoracic back strain in the same interscapular region as before. The doctor said:

"* * * Examination revealed well-localized tenderness at approximately the 7th thoracic spinous process. Bilateral paravertebral muscle and interscapular spasm was present."

We find that claimant did suffer a worsened condition and that the worsened condition was an aggravation of the prior injury on January 5, 1979. The second incident caused a recurrence of some of the prior symptoms but was not a new injury that contributed to the cause of the worsened condition. The first employer is responsible for compensation. *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976); *Calder v. Hughes & Ladd,* 23 Or App 66, 541 P2d 152 (1975).[1]

Affirmed.

---

[1] In view of our disposition, respondent's cross-petition is moot.