Argued and submitted February 3, reversed, referee's order reinstated July 23, reconsideration denied September 12, petition for review denied September 30, 1986
(302 Or 35)

In the Matter of the Compensation of
Dennis L. Hankins, Claimant.

HANKINS,
*Petitioner,*

*v.*

UNITED PACIFIC INSURANCE et al,
*Respondents.*

(WCB No. 83-10401; CA A35948)

722 P2d 50

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

William H. Stockton, Hillsboro, argued the cause and filed the brief for respondents.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Claimant seeks review of a Workers' Compensation Board order which reversed the referee and held that his back surgery was not compensable as an aggravation of an earlier injury. On *de novo* review, we reverse.

In May, 1983, while working for employer as a vinyl applicator, claimant suffered the compensable back injury on which the present aggravation claim is based. Immediately after the injury, he saw Dr. Bachhuber, who diagnosed lumbar strain. The claim was closed on August 10, 1983, with no award of permanent partial disability.

Claimant was laid off in July, 1983, and went to Alaska with his nephew to seek employment in the construction industry. He and several witnesses testified that he did that in spite of weakness and numbness in his right leg. He worked as a framer until he began to experience pain in his mid-back which eventually spread to his right leg. After three weeks, he could not bear the pain, and he began working as a finishing carpenter. Even that was too much for him, and he returned to Oregon in October, 1983. He testified that, while in Alaska, he did not experience any incident or accident which precipitated the increased pain. The referee found him credible.

Claimant again consulted Bachhuber, who diagnosed a herniated disk and expressed the opinion that the herniation had occurred in Alaska. Bachhuber did not offer an opinion as to whether the herniation was caused by claimant's work in Alaska or by other circumstances:

"Q: Then you don't know, in fact, whether it occurred and developed while in Alaska?

"A: Yes, it did occur in Alaska. But I have no idea whether it's from stepping out of the bath tub, from sitting on the toilet, from turning over in bed or from his work. * * *"

Bachhuber explained that, when he saw him before the Alaska trip, claimant did not display the right leg symptoms indicative of a disk herniation which he had when he returned from Alaska. That testimony contradicts the testimony of four other witnesses. Because he believed that there were no prior right leg symptoms, Bachhuber concluded that claimant's work with employer did not contribute to the herniation. On

the other hand, Dr. Smith, who operated on claimant's back in November, 1983, believed that the disk problem was directly related to the 1983 injury.

Claimant has the burden of proving that his injury is a material contributing cause of his worsened back condition and that no intervening incident contributed independently to the condition. *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976). Bachhuber expressed no opinion as to whether the herniation was employment related. There is evidence that claimant was doing work which could have affected his back, but no direct evidence that the work gave rise to the herniation. If the herniation was brought on by nonemployment conditions in Alaska, it would be compensable as an aggravation, as long as the 1983 injury remained a material contributing cause. *Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1982). Smith's opinion that claimant's condition was brought on by the injury is consistent with the other evidence that the injury was a material contributing cause. The insurer's attempt to prove that the Alaskan employment contributed independently to the cause of his disk herniation is unpersuasive. The claim is compensable.

Reversed; referee's order reinstated.