Argued June 26, reversed August 22, reconsideration denied September 27, petition for review denied October 17, 1978

SALTMARSH, *Respondent,*

*v.*

A. T. INDUSTRIES, INC., *Respondent,*
and
STATE ACCIDENT INSURANCE FUND, *Petitioner.*

(WCB 75-1896, WCB 75-5502, CA 9810)

583 P2d 4

William H. Stockton, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause and filed the brief for petitioner.

Robert E. Nelson, Portland, argued the cause for respondent Ronald T. Saltmarsh. With him on the brief was Richardson, Murphy & Nelson, Portland.

Steven R. Reinisch, Portland, argued the cause for respondent A. T. Industries, Inc. With him on the brief was Jones, Lang, Klein, Wolf & Smith, Portland.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The State Accident Insurance Fund (SAIF) seeks reversal of an order of the Workers' Compensation Board (Board) directing SAIF to pay claimant compensation and attorney fees and directing SAIF to reimburse another insurer (Argonaut) for certain compensation payments Argonaut had previously paid claimant. SAIF contends that it has no liability to either claimant or Argonaut because claimant did not file a timely request for hearing objecting to SAIF's denial of the claim upon which the Board's order was based. We agree and reverse.

Claimant suffered a work-related back injury in 1970. His claim for that injury was accepted by Argonaut, the compensation insurer for his then employer, and claimant was awarded 10 percent unscheduled permanent disability by a Determination Order dated June 21, 1972.

After that injury, the claimant changed employers. He suffered further back problems following a chair-lifting incident which occurred on January 2, 1973. His new employer was insured by SAIF, with whom claimant filed a new injury claim on October 9, 1973, for the January incident. On November 28, 1973, SAIF denied the claim on the grounds that the January occurrence did not result in a compensable injury. The notice of denial complied with statutory requirements.

While the new injury claim with SAIF was pending, Argonaut reopened the 1970 claim, and processed it as an aggravation claim until April 16, 1975, when a Determination Order awarded claimant an additional 15 percent permanent partial disability as compensation for aggravation of the condition resulting from claimant's 1970 injury.

On May 8, 1975, claimant filed a request for hearing to object to the April 16, 1975, Determination Order, on the ground that the award was inadequate. On December 24, 1975, he filed a request for hearing

to object to SAIF's 1973 denial of his claim. The two hearings were consolidated. The referee denied claimant's claim against SAIF on the grounds that the appeal from it was not timely, and dismissed a claim by Argonaut for reimbursement from SAIF for the amounts Argonaut had paid claimant since January 2, 1973.[1] Claimant appealed to the Board, which entered an Order on Review finding that the January 2, 1973, incident constituted a new injury rather than an aggravation, holding SAIF responsible for benefits to claimant after January 2, 1973, directing SAIF to reimburse Argonaut for its payments to claimant after that date, and allowing claimant attorney fees payable by SAIF.

ORS 656.319(1) provides that, "[w]ith respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless" a request for hearing is filed within 60 days after the claimant is notified of the denial or, if there is good cause for failure to request a hearing within that time, a hearing is requested within 180 days following the notification. In this case, claimant's request for hearing was filed more than two years after he received SAIF's notice of denial.

Argonaut and claimant take the view that the untimeliness of claimant's request for hearing does not defeat his claim against SAIF in light of ORS 656.307, as construed by this court in *Calder v. Hughes & Ladd,* 23 Or App 66, 541 P2d 152 (1975). ORS 656.307(1)(c) provides, as material:

---

[1] With respect to claimant's objection to the April 16, 1975, Determination Order, the referee concluded:

"2. In view of the foregoing contemplated operation, claimant's condition is presently not medically stationary. Claimant will be entitled to temporary total disability benefits when he enters the hospital, and, when he is again medically stationary, a further Determination Order will routinely issue herein. The foregoing facts preclude any finding at this time on the extent of claimant's permanent disability."

"(1) Where there is an issue regarding:
"* * * * *

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries * * *
the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable * * *."

In *Calder v. Hughes & Ladd, supra,* under facts substantially similar to those here, the worker filed claims for a second incident with the compensation insurers for both his first and second employers. Upon both insurers' denials, he filed requests for hearings on both claims. Nothing in *Calder* suggests the requests were not filed within the time limits prescribed by ORS 656.319(1). The referee allowed the claim against the insurer of the first employer and denied the claim against the second employer's insurer. The insurer found liable appealed to the Board, and the claimant did not file a separate appeal from the referee's denial of the claim against the second employer's insurer. The Board affirmed the referee. On appeal to this court by the insurer the Board found liable in *Calder,* the other insurer moved for dismissal of the appeal as to it on the grounds that there had been no appeal to the Board from the referee's decision regarding its liability. We denied the motion, stating:

"* * * [I]t is clear that neither employer denied claimant was suffering injury. Each simply was saying any injury he had should be compensated by the other, and for that reason the claim against it was being denied. This appears to be a situation which ORS 656.307(1), from which we have quoted above, was intended to cover. Otherwise, situations could arise where an injured workman entitled to benefits could let appeal time run out against one of two findings like there are here, lose out on the appeal taken on the other, and be left with nothing * * *." 23 Or App at 69.

■■ The present case is distinguishable from *Calder* in that here claimant did not file a timely request for hearing to object to SAIF's denial of his claim. ORS

[ 767 ]

656.307 has the purpose of resolving who is responsible for paying claims which are "otherwise compensable." ORS 656.307 does not have the effect of excusing a claimant from complying with statutory procedures for objecting to an insurer's or employer's denial of his claim for compensation. The claimant here did not comply with the time requirements of ORS 656.319 for objecting to SAIF's denial of his claim. Thus his claim is "not enforceable."

It follows that Argonaut is not entitled to reimbursement by SAIF for the payments made by Argonaut to claimant after January 2, 1973. Argonaut's claim for reimbursement from SAIF is derivative from any rights claimant may have against SAIF. Argonaut has no independent right against SAIF. Since SAIF is not legally responsible for compensation payments to claimant, Argonaut cannot be considered a beneficiary of Argonaut's payments to claimant.

Reversed.