Argued and submitted November 14, 1979,
affirmed in part, reversed in part January 28,
reconsideration allowed, affirmed as modified
(45 Or App 757, 609 P2d 422) April 14, 1980

HANNA, et al,
*Respondents,*
*v.*
McGREW BROTHERS SAWMILL, INC., et al,
*Petitioners.*

(No. 77-6756, CA 14770)

605 P2d 724

Mary T. Danford, Portland, argued the cause for petitioner Argonaut Insurance Company. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

No appearance for petitioner McGrew Brothers Sawmill, Inc.

David Maddox, Ashland, argued the cause for respondent Oliver Hanna. With him on the brief was Ben Lombard, Jr., Law Offices, Ashland.

Glen McClendon, Portland, argued the cause for respondent EBI Company. With him on the brief was Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

This workers' compensation case involves the issue of which of two insurers is responsible for paying compensation for claimant's injury. A threshold issue is whether claimant is barred from asserting his claim because of his failure to request a hearing after his claim for aggravation was denied by Argonaut Insurance Company (Argonaut). Argonaut also contests the propriety of an award of attorney fees to claimant and its liability for certain expert witness fees.

In November, 1972, claimant suffered injury to his low back and was awarded temporary total disability payments. Argonaut was the employer's insurance carrier. In October, 1975, claimant suffered a reoccurance of his back injury and was awarded temporary total disability payments through March, 1976. He returned to work and was paid temporary partial benefits through September, 1976, when his condition became stable. On July 1, 1976, employer changed insurance carriers, replacing Argonaut with Employee Benefits Insurance Company (EBI). Claimant continued to suffer low back discomfort through 1976.

On December 31, 1976, while working for the same employer, claimant was shovelling wet sawdust and experienced a sharp pain in his lower back. He was hospitalized and treated for low back pain. Claimant submitted a claim for aggravation to Argonaut. By letter, on March 4, 1977, Argonaut denied the claim on the ground it involved a new injury which was the responsibility of EBI. On March 14, 1977, claimant filed a claim with EBI. This claim was deferred by EBI on March 25, 1977, pending a determination under ORS 656.307. Neither insurer rejected the claim on the basis that the injury was not compensable.

On April 28, 1977, EBI requested the Workers' Compensation Board to designate, under ORS 656.307, which insurer would be liable for payment of benefits to claimant and requested a hearing regarding which

of the two insurers was responsible for payment of benefits. Argonaut had paid time loss benefits to claimant through February, 1977, and EBI was ordered to pay temporary benefits pursuant to ORS 656.307. The Board referred the matter to the Hearings Division for determination of which carrier would be responsible for payment and advised claimant to retain an attorney. Claimant contacted an attorney on July 21, 1977, and on that day his attorney inquired of the Board, by letter, whether a request for hearing had been made. The Hearings Division responded that a hearing determining the responsibility for benefits between Argonaut and EBI would be set "in due course."

Argonaut, EBI and claimant were notified of the hearing and all appeared. The referee determined claimant had established a claim for aggravation of his previous back injury and ordered Argonaut to accept the claim. The Board affirmed the referee's order.

Argonaut asserts that the claim should be dismissed as to it because claimant had not requested a hearing on the denial of March 4, 1977, as required by ORS 656.319(1)(a). Claimant contends that EBI's April 28, 1977, request for determination of responsibility, which was filed within 60 days of Argonaut's denial letter, fulfilled the requirements of a request for a hearing.

We have decided two cases involving a similar issue, *Calder v. Hughes & Ladd,* 23 Or App 66, 541 P2d 152 (1975), and *Saltmarsh v. SAIF,* 35 Or App 763, 583 P2d 4, *rev den* 280 Or 80a (1978). In *Calder,* claimant injured his back in 1972 while employed by Hughes & Ladd and reinjured his back in 1973 while working for a new employer, Kizer. He filed a claim for aggravation and a new injury claim. The respective carriers denied the claims on the ground the other insurance carrier was responsible. Claimant requested hearings on both denials. The claims were con-

solidated for hearing. The Board ultimately determined that Hughes & Ladd was responsible for coverage and it appealed. Kizer moved for dismissal of the appeal as it pertained to them on the ground that claimant had not appealed from the Board's finding that Kizer was not responsible. Neither employer rejected the claim on the basis that the injury was not compensable. We rejected Kizer's argument for the reason that this was the situation ORS 656.307 was designed to cover. We reasoned that, otherwise, a situation could arise where the injured worker, entitled to benefits from one of two insurers, could let the appeal time run out against one insurer held not to be responsible and lose out on an appeal taken against the other insurer and be left without compensation. We held it was unnecessary for claimant to perfect an appeal against both insurers in order to preserve his claim in the event the original determination was reversed.

*Saltmarsh* presented a different problem. Claimant suffered an injury in 1970 and was awarded compensation by the employer's carrier, Argonaut. Claimant changed jobs, was injured again and filed a claim with the new employer's insurer, SAIF. SAIF denied the claim in November, 1972, on the ground that it was not compensable. Argonaut reopened the prior claim as an aggravation of the earlier injury. A determination order of April, 1975, awarded claimant permanent partial disability. Claimant filed a request for a hearing on the award from Argonaut, objecting to it as inadquate. He also filed a request for a hearing on SAIF's denial of his new injury claim. The request for hearing was approximately two years after SAIF's denial letter. We held claimant's claim was barred because he had not filed a timely request for a hearing of SAIF's denial. We distinquished *Calder* on the basis that the issue in the hearing was which of two employers were responsible to pay benefits for an otherwise compensable injury and that a proceeding pursuant to ORS 656.307 does not excuse a claimant from objecting to an employer's denial of his claim as not compensable.

[193]

Although the procedural facts in *Calder* are not the same as the facts of the case here at issue, the rationale is applicable. Where there is a conflict between two insurers as to which must pay benefits for an otherwise compensable injury, ORS 656.307 gives the director of the Workers' Compensation Department the authority to determine the responsible insurer. A hearing on the question may be requested by any party or the Board. ORS 656.283. The claimant is a necessary party to any proceeding under ORS 656.307, ORS 656.307(3).

EBI's request for designation of the paying agent for temporary benefits and request for a hearing was made within 60 days of Argonaut's denial letter. Claimant, Argonaut and EBI were all parties to the hearing and appeared and presented evidence. Under these circumstances, where the issue is not compensability but responsibility for benefit payments, we conclude claimant's claim is not barred by his failure to appeal Argonaut's denial of his claim.

In the second assignment, Argonaut argues claimant suffered a new injury while shovelling the wet sawdust and that EBI should be the responsible insurer. Whether the disability is the result of an aggravation of a previous compensable injury or a new injury is a factual issue. Our review of the record leads to the same conclusion as the referee's, that claimant suffered an aggravation of the 1972 back injury, and we affirm the order requiring Argonaut to accept the claim.

Argonaut also appeals the order requiring it to pay fees and expenses of an expert witness. At the hearing, EBI offered the written medical reports of Dr. Weinman pursuant to ORS 656.310(2). Copies of the reports were furnished to Argonaut well in advance of the hearing. ORS 656.310(2), in essence, provides that medical reports will be admitted as prima facie evidence of the information they contain, provided the doctor consents to be cross-examined. Prior to the

[194]

hearing, Argonaut made arrangements for Dr. Weinman to appear at the hearing for cross-examination. The referee ruled that Argonaut must pay the fees and expenses of Dr. Weinman. The Board affirmed that ruling. We conclude the ruling was error.

The testimony of Dr. Weinman was presented on behalf of EBI. He was EBI's witness. The statute, ORS 656.310(2), allows the medical testimony to be presented by way of medical reports. Admission of the medical reports is specifically conditioned on the right of the opposing party to cross-examine the doctor. The procedure of offering medical testimony through the medium of written reports does not alter the status of the witness when he is called for the purposes of cross-examination. He still remains the witness of the party offering the medical reports and that party is responsible for paying the fees and expenses incident to his appearance as a witness for cross-examination.

Argonaut's final assignment challenges the propriety of the award of attorney fees to claimant. Argonaut contends that because the proceeding was pursuant to ORS 656.307 and involved only the question of which insurer was responsible for compensation, attorney fees are not allowed. We disagree. Under ORS 656.386(1) attorney fees are to be awarded where claimant prevails on a rejected claim. That statute does not differentiate between rejection of a claim on the grounds of noncompensability and on the grounds of nonresponsibility. In a proceeding under ORS 656.307 claimant is made a necessary party unless he elects to be a nominal party. Claimant, with the aid of counsel, participated in the hearing. He was required to contest Argonaut's contention that his claim was unenforceable because he did not appeal Argonaut's denial and to protect his interest in receiving compensation. The two competing insurance companies certainly did not represent claimant's interests in the hearing. Claimant prevailed on a denied claim and is entitled to the award of attorney fees to be paid by Argonaut.

The portion of the order requiring Argonaut to pay the fees and expenses of Dr. Weinman is reversed. In all other respects the order is affirmed.

Affirmed in part; reversed in part.