Argued and submitted February 26, affirmed November 7, 1990

In the Matter of the Fees for Services
by Southern Oregon Neurological Association
for Eul Moody, Injured Worker.

## SOUTHERN OREGON
## NEUROLOGICAL ASSOCIATES,
*Petitioner,*

*v.*

## EBI COMPANIES,
*Respondent.*

(WCB 88-06320; CA A49901)

799 P2d 1137

Jeffrey W. Foxx, Medford, argued the cause and filed the brief for petitioner.

Jerald P. Keene, Portland, argued the cause for respondent. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of a final order of the Director of the Workers' Compensation Department awarding it fees for testimony in a workers' compensation hearing.[1] Pursuant to ORS 656.704(2), we review the decision under ORS 183.482 and affirm.

The facts are not disputed: Dr. Maukonen, a principal in petitioner whose offices are located in Medford, was a treating physician of Moody, an injured worker who filed a claim against his employer, Publishers Paper Company. EBI Companies was the compensation plan administrator for the employer. EBI subpoenaed Maukonen to testify as an expert witness in a hearing scheduled in Newport. After his testimony, he submitted an itemized statement:

| Services | Rate | Time | Total |
|---|---|---|---|
| Pre-Hearing Review | $100/hr | 3 hrs | $ 300.00 |
| Attendance at Hearing | 200/hr | 6 hrs | 1,200.00 |
| Travel Time | 200/hr | 12 hrs | 2,400.00 |
| Mileage | .20 mile | 511 miles | 102.20 |
| Motel | | | 67.40 |
| Phone | | | 6.50 |
| Meals | | | 35.00 |
| Total | | | $4,111.10 |

EBI offered $900, which was rejected and the parties presented the matter to the Director as a medical fee dispute. *Former* OAR 436-10-110. The Director ordered petitioner to accept $900.[2]

Petitioner requested review. The dispute was heard by a Workers' Compensation Board referee as a matter not concerning a claim.[3] ORS 656.704(2); OAR 436-10-110(3).

---

[1] The Hearings Division of the Workers' Compensation Board heard the matter pursuant to ORS 656.704(2). OAR 436-10-008.

[2] The Director explained that he did not decide the dispute, but only issued his ruling to allow the matter to proceed to a hearing.

[3] EBI moved, in its brief, to dismiss the petition for review for lack of jurisdiction on the ground that the Workers' Compensation Board has jurisdiction. We already denied an identical motion and we do so again. EBI also moves to dismiss, because petitioner did not serve employer with a copy of the petition, as required by ORS 183.482. Although service on all parties is mandatory, it is not jurisdictional under the APA and dismissal of the petition is not warranted where there is no prejudice. *Hill v. Employment Division,* 92 Or App 357, 758 P2d 420 (1988). EBI was served with a copy of the petition for review and processed the review for employer.

The referee concluded that the Department's medical service rules applied to determine how much petitioner was entitled to be paid for testimony pursuant to subpoena. The referee ordered EBI to pay petitioner $1,326.72; $150.96 for each hour that Maukonen was at the hearing and $270 for the time he had spent in preparation. Regarding the claimed travel expenses, the referee concluded:

> "OAR 438-07-020 provides witness fees and mileage in Workers' Compensation cases are payable as in civil actions. There is a separate fee provision in the rules for expert medical testimony in Workers' Compensation cases * * *. Since Dr. Maukonen's travel time and expense in this case is [*sic*] covered by the statutory subpoena law, it would be inappropriate to stretch * * * interpretation of the scope of coverage of the CPT codes."

■ Petitioner first contends that Maukonen's travel expenses, including compensation for travel time, should have been awarded as part of medical expenses. It initially argues that it is entitled to the fees for the reasons expressed in *Hanna v. McGraw Bros. Sawmill,* 44 Or App 189, 605 P2d 724, *modified* 45 Or App 757, 609 P2d 422 (1980). In *Hanna,* we considered which party was responsible for payment of fees to a physician who was called as a witness only for cross-examination after his medical report was introduced in a workers' compensation hearing. We did not address the amount of fees to be paid.

Petitioner next argues that it is entitled to the claimed travel expenses pursuant to OAR 436-10-040(1)(a), which requires that an

> "insurer shall pay for all medical services which the nature of the compensable injury or the process of recovery requires."

OAR 436-10-005(20) provides:

> " 'Medical service' means any medical, surgical, chiropractic, dental, hospital, nursing, ambulance, or other related services; also any drugs, medicines, crutch, prosthesis, brace, support or physical restorative device."

The more specific categories of medical services and the value assigned such service are defined in the Department's fee schedules and the Current Procedural Terminology (CPT) codes adopted by the Department. *See* OAR 436-10-090. Petitioner argues that the travel expenses are covered by CPT

code 99082, which allows expenses for unusual travel in providing medical services or, alternatively, by OAR 436-10-090(4), which allows reasonable fees for medical services when there is no applicable CPT code.

The rules for compensation for medical services contemplate recovery for services provided in direct relation to a claimant's medical needs. Expenses arising from a physician's testimony at a workers' compensation hearing are designated neither directly or indirectly in the CPT codes or fee schedules. "Medical Services" as used in the Department's rules do not include the travel expenses claimed here. The referee correctly concluded that there is no authority in the rules to award the claimed travel expenses.

■　　　Petitioner next contends that the referee erred in reducing the fee for testifying from the ordinary fee that it charged to the amount in the fee schedule. The referee held that the doctor's preparation time and the time that he was at the hearing are covered by OAR 436-10-090(31), which prescribes fees for preparation and testimony at depositions. Such services are assigned a value by the relevant CPT code. Petitioner's principal argument is that its regular hourly rate should have been used rather than the code fee schedule, because it had an agreement with EBI to be paid the regular rate. The referee's authority to determine fees is provided by the rules and CPT codes. He does not have authority to determine fees pursuant to a contract.

Affirmed.