BRENNER, *Appellant,*
*v.*
INDUSTRIAL INDEMNITY CO. et al, *Respondents.*
(No. 96467, CA 7723)

566 P2d 530

James A. Pomajevich, Philomath, argued the cause and filed the brief for appellant.

Marshall C. Cheney, Portland, argued the cause for respondents. With him on the brief were Scott M. Kelley and Gearin, Cheney, Landis, Aebi & Kelley, Portland.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Claimant appeals from an order of the circuit court affirming a decision of the Workmen's Compensation Board (Board) awarding him permanent partial disability of 96 degrees. Claimant contends he should be awarded permanent total disability.

In February 1972, claimant was injured in a fall while employed as a cement finisher. Claimant returned to work two days later for a half day but has not returned to work since because of low back pain. Though claimant was examined by at least five doctors, the exact cause of the low back pain has yet to be determined.

Claimant either testified or told his doctors that he now suffers from pain and aches in his back and legs, that he is unable to lift heavy objects, that he cannot long remain in a sitting or standing position, that he cannot walk distances without periodically stopping, and that he has difficulty bending, twisting and stooping. Claimant does not contest that motion pictures taken in 1974 and 1975 by an investigator hired by employer shows claimant lifting a bale of hay and 1″ x 6″ boards approximately eight to ten feet in length without difficulty, bending and twisting freely and otherwise conducting himself without any limitation.

The referee concluded that claimant had suffered a compensable injury and was entitled to permanent partial disability in the amount of 192 degrees but that the motion picture evidence precluded an award of permanent total disability:

"The films do not establish that claimant is without disability, however, I do find they contradict claimant's testimony on direct examination and his statements to his vocational rehabilitation counselor * * * and to his doctors regarding his inability to do specifics such as lifting, bending, stooping and carrying. While the films do not establish that claimant can regularly, and on a full-time basis, repeat such activities, they indicate claimant can do things which he told his doctors and

vocational rehabilitation counselor that he could not do. I consider it reasonable to assume that on the basis of self-interest, claimant will be candid and truthful with his doctors for the purpose of obtaining appropriate treatment for relief of his ailments. If it is shown that claimant has abilities in excess of those which he reveals to his doctors, then all of claimant's testimony in reference to his capabilities must be viewed with caution, again on the basis of what claimant expects to gain from his statements."

The Board reduced the referee's award to 96 degrees on the ground that the claimant could engage in light employment and commented:

"All of claimant's complaints seem to be grossly exaggerated. This is confirmed by the films; [one doctor] felt that claimant voluntarily restricted his movements when he examined him."[1]

■ Our review is de novo on the record, *Burkholder v. S.I.A.C.,* 242 Or 276, 409 P2d 342 (1965), but with deference to the opinion of the referee who had the opportunity to see and hear the witnesses as to the credibility of those witnesses. *Stevens v. SAIF,* 20 Or App 412, 531 P2d 921 (1975); *Hill v. U.S. Plywood-Champion,* 12 Or App 1, 503 P2d 728 (1972), Sup Ct *review denied* (1973); *Bailey v. Morrison-Knudsen,* 5 Or App 592, 485 P2d 1254 (1971).

■ In light of the fact that the physical cause of claimant's symptoms have thus far proved difficult to trace and that the opinions of the doctors who examined claimant are necessarily based in large part on claimant's subjective account of his symptoms and that the referee, after viewing the motion picture and observing claimant, disbelieved at least a portion of claimant's account of his disability, we conclude that the Board's findings that claimant was not completely disabled and could perform some light work on a regular basis are correct.

■ Claimant next contends that the circuit court erred

---

[1] Claimant does not contend on appeal that, as an alternative to permanent total disability, the award of the referee should be reinstated.

in both refusing to consider evidence offered by claim-ant which had not been presented to the Board and in not remanding to the referee so that the evidence might be heard. ORS 656.298(6) provides:

> "The circuit court review shall be by a judge, without a jury, on the entire record forwarded by the board. The judge may remand the case to the referee for further evidence taking, correction or other necessary action. * * * [T]he judge may hear additional evidence concern-ing disability that was not obtainable at the time of the hearing. * * *"

In *Tanner v. P & C Tool Co.,* 9 Or App 463, 497 P2d 1230 (1972), we held that a remand, and by implica-tion a decision to hear further evidence, should not be ordered absent a "compelling" reason such as to clear up an inconsistency or void in the record.

Claimant has made no showing of such a compel-ling reason. The evidence which claimant wishes considered is the possibility that he may be suffering from glaucoma in one eye, a condition which he contends will affect his ability to perform the light employment envisioned by the Board. Claimant's ophthamologist wrote claimant's attorney that:

> "* * * I am unable to tell you when this was probably discoverable, although some months to years prior to my examination it is likely that the optic atrophy would have been evident."

Thus it is not clear that the evidence claimant wishes to present was "not obtainable at the time of the hearing." ORS 656.298(6). Further, the evidence presented the referee and his and the Board's conclu-sions about the type of work which it would be possible for claimant to perform make it extremely unlikely that, even if proved, claimant's glaucoma condition would affect our decision—or that of the Board—about the extent of claimant's disability.

Affirmed.