Submitted on remand from the Oregon Supreme Court
July 24, remanded for taking of further evidence October 6, 1980

In the Matter of the Compensation of
WOODMAN,
*Respondent,*
*v.*
GEORGIA-PACIFIC CORPORATION,
*Petitioner.*
(WCB No. 78-5283, CA 14188)
617 P2d 680

Jack Mattison, Eugene, argued the cause for petitioner. With him on the brief was Jaqua & Wheatley, P.C., Eugene.

Michael Strooband, Eugene, submitted the brief for respondent. With him on the brief was Doblie, Bischoff & Murray, P.C., Eugene.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This worker's compensation case is before the court on remand from the Supreme Court. *Woodman v. Georgia-Pacific Corp.,* 289 Or 551, 614 P2d 1162 (1980). On review of the Court of Appeals decision, 42 Or App 899, 601 P2d 909 (1979), the Supreme Court reformulated the applicable test for compensability of claimant's injury, and stated that it could not be sure from the Court of Appeals opinion "whether the court would have reached the same evaluation of the record if it had examined it under the legal test as we have stated. Not being able to make that evaluation here, we are obliged to remand the case for that purpose to the Court of Appeals." 289 Or at 561.

On remand, we conclude that there is insufficient evidence to decide the compensability of claimant's injuries under the legal test stated by the Supreme Court. Further, we conclude that even had claimant's counsel elicited expert testimony tailored to fit the legal standard "reasonably" relied upon and applied in the Court of Appeals opinion, 289 Or at 555, that testimony may well have been insufficient to satisfy the Supreme Court's formulation of the rule.

Under ORS 656.298(6), this court has authority to remand a case to the referee for the taking of further evidence. The void in the record here constitutes a "compelling" reason, *Brenner v. Industrial Indemnity Co.,* 30 Or App 69, 73, 566 P2d 530 (1977), to remand the case to the referee for the taking of further evidence solely on the question of whether the medical expectancy that the claimant's neuroma problems and spinal problems caused by imbalance would accompany the amputation is so great that their failure to occur would be exceptional.

Remanded for taking of further evidence.