Argued and submitted June 9, 1982, reversed with instructions March 2, 1983

In the Matter of the Compensation of
Ishbel Brewer, Claimant.
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*
*v.*
BREWER et al,
*Respondents.*

(80-10782 and 81-759; CA A22996)

659 P2d 988

Darrell E. Bewley, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for petitioner.

Daniel Lorenz, Portland, argued the cause for respondent Ishbel Brewer. With him on the brief was Des Connall, Portland.

Emil R. Berg, Portland, argued the cause for respondents Heritage Convalescence Center and EBI Companies.

With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

The dispositive issue in this workers' compensation case is whether claimant suffered an aggravation of a prior compensable back injury or sustained a new injury. The resolution of that question determines which of two insurers, SAIF or EBI Companies (EBI) is responsible. The Workers' Compensation Board reversed the referee on that issue and determined that it was a new injury for which SAIF was responsible. SAIF appeals. We review *de novo,* ORS 656.298(6), reverse the Board, and reinstate, in part, the referee's order.

On April 1, 1979, claimant injured her neck and back while working as a nurse's aid for Heritage Convalescence Center (Heritage). Dr. Hickerson diagnosed the injury as upper and lower back strain with neck tenderness. EBI was the responsible insurer. Claimant underwent brief, conservative treatment and was awarded temporary total disability from April 3 through May 2, 1979.

From May, 1979, until September 13, 1980, claimant continued to have periodic back problems. She restricted her activities but did not seek further medical treatment. She was able to work at various jobs during that time as long as she did no heavy lifting.[1] In September, 1980, claimant began working at Viking Industries, doing relatively light work that included handling material that weighed between two and five pounds.

On Saturday, September 13, 1980, her fourth day at Viking, claimant left early after a few hours because she thought she had the flu and felt pain in her back exactly like that from her injury at Heritage. She did not complain of this condition to Viking but, in effect, told her husband

---

[1] At the hearing claimant described her back symptoms between May 1, 1979, and September, 1980.

"I had problems on lifting. I did have continual problem, but it's yes and no. I did but I didn't. * * * If I went and lifted something that I shouldn't or grocery shopping or something like that, a lot of times my back ached more than what it would have before that happened. But I even had jobs where I was fine. * * * I kind of did what [Dr. Hickerson] said and I slept on the floor and it worked."

that she "had done it again."[2] She worked an eight-hour shift at Viking on Monday, September 15, but did not work the rest of that week. She then quit because of her back problems.

That same week, she saw Dr. Hickerson again. His report states that claimant had back pain syndrome secondary to muscle strain in the lumbar and cervical region, "probably a recurrence of the previous injury * * *." His prognosis was "that her pain would tend to recur, as long as she is involved in manual labor." In reliance on Dr. Hickerson's diagnosis, claimant filed an aggravation claim with EBI. After attempting a new job that involved vacuuming, claimant had regular medical treatment for her back for two months from Dr. Motz. Dr. Motz' report and records indicate that she had no knowledge of claimant's prior condition and related claimant's pain to the Heritage injury only because claimant so related the pain. Dr. Motz diagnosed claimant's condition as chronic right sacroiliac and thoracic strain. EBI then denied the aggravation claim on the ground that what had happened at Viking was a new injury.

Viking then prepared an 801 form, which claimant did not sign, and filed it with SAIF on December 4, 1980. SAIF denied the claim on December 30, on the ground that it was an aggravation and not a new injury. A consolidated hearing was held on both denials, together with issues pertinent to the claim for the original injury at Heritage.

This is a successive-injury case and is governed by the "last injury" rule[3] adopted in *Smith v. Ed's Pancake House,* 27 Or App 361, 364-65, 556 P2d 158 (1976):

---

[2] Claimant described the incident at Viking and the onset of pain:

"On the fourth day, I think which was Saturday, I went in, and because it was overtime day I was put on a different job which didn't involve any lifting at all. I was just putting steel rods into a machine and pushing it. And I had asked earlier anyway — earlier than that day because I didn't feel good, to go home. And as I was working on that about 9:00, I made this kind of a motion with my hand (indicating), and I said oh my God. And it was sharp sudden pain right in my back. It was in the top and lower part, and it felt exactly like the injury when I had injured my back at Heritage Convalescent Home. And because of that, I did not go into the office and say, oh, I hurt my back because it was so similar to me in my mind of the same thing, and I didn't feel good so I just went home."

[3] *See Boise Cascade Corp. v. Starbuck,* 61 Or App 631, 659 P2d 424 (1983) (distinguishing *Bracke v. Baza'r, Inc.* 293 Or 239, 646 P2d 1330 (1982)).

"In *Cutright v. Amer. Ship Dismantler,* 6 Or App 62, 486 P2d 591 (1971), we tacitly accepted the Masachusetts-Michigan rule in cases involving successive injuries and successive insurance carriers. As stated in 4 Larson, Workmen's Compensation Law 17-71--17-78, § 95.12 (1976):

"* * * * *

" '*If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second.* In this class would fall most of the cases discussed in the section on range of consequences in which a second injury occurred as the direct result of the first, as when claimant falls because of crutches which his first injury requires him to use. *This group also includes the kind of case in which a man has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion.*

" 'On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition. This is consistent with the general principle of the compensability of the aggravation of a pre-existing condition.' " (Emphasis supplied.)

We disagree with the Board's conclusion that claimant's "injury" at Viking contributed independently to her final condition. The Board apparently relied on Dr. Motz's diagnosis of chronic sacroiliac and thoracic strain and on claimant's testimony that her symptoms have persisted to establish a worsened condition. Yet nothing in Dr. Motz's report indicates that she found claimant's condition was worse or her disability greater than before. Dr. Hickerson determined that claimant's condition was a recurrence and would tend to recur. Nothing in his report indicates that the severity of the condition had worsened or would worsen on recurrence. Claimant testified that Dr. Hickerson had told her in April, 1979, that she had to restrict her activity to avoid lifting. That and claimant's testimony of intervening periodic back symptoms indicates that she had

chronic back problems from the time of the injury at Heritage.

There is no persuasive evidence that claimant's work at Viking contributed to the *causation* of the chronic back condition; rather the evidence shows only that the Viking work aggravated the continuing back problem and culminated in a second period of disability. *Calder v. Hughes & Ladd,* 23 Or App 66, 541 P2d 152 (1975). EBI is responsible for the aggravation claim.

Because of our disposition of the successive-injury issue, we need not reach the issue of whether the new-injury claim against Viking and SAIF was timely. The referee had decided that the claim was time-barred, and the Board reversed. We reinstate the referee's order except for the determination that the claim against Viking was barred for failure to give timely notice.

Reversed; referee's order reinstated except as to the determination that claimant's claim against Viking is barred for failure to give timely notice.