Argued and submitted February 10, reversed, order of referee reinstated May 9, 1984

In the Matter of the Compensation
of Jo Wanda Orman, Claimant.

ORMAN,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB No. 82-03671; CA A29152)

680 P2d 1024

Diana Craine, Salem, argued the cause for petitioner. On the brief was Rolf Olson, Salem.

Darrell E. Bewley, Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant appeals an order of the Workers' Compensation Board which reversed the referee and upheld the employer's denial of claimant's aggravation claim. We reverse.

Claimant sustained a compensable injury on December 22, 1976, which resulted in a March, 1980, award of 25 percent unscheduled disability to her neck, shoulder and upper back. On May 5, 1981, she began employment as a data entry clerk. That job required her to enter data into a computer, reading material placed at her left and then turning to place the information in the machine, causing extensive use of and stress on her neck and resulting in pain. The employer attempted to alter the working environment by lowering the terminal and also by placing the input material on the top of the machine instead of to the left. That decreased the repeated back and forth movement but required claimant to lean back in her chair in order to read the data placed several inches above her head. She complained of increasing pain in her neck and eventually ceased her employment. An aggravation claim was made and denied by SAIF. The referee reversed the denial as to the neck and upper back but affirmed it as to the lower back and ordered penalties against SAIF for unreasonable denial. The Board reversed the referee and upheld SAIF's denials.

After review of the evidence, we find that claimant has met her burden of proving an aggravation of her compensable condition. The only medical evidence which is relevant to her physical condition is that in the reports of her treating chiropractor, Dr. Layman,[1] who started treating claimant in November, 1980. In a report of June 28, 1982, he stated:

> "On February 11, 1982, the patient returned with disabling and painful symptoms that included visual problems, neck discomfort and hand numbness. The increase in symptomology appears to be elicited from her work. This patient has to type off of a screen and the constant repetitive, rapid, cervical rotation eight hours a day aggravated her preexisting cervical condition and has made this condition acutely worse.

---

[1] All of the other medical reports which were submitted by SAIF are those of treating psychiatrists and psychologists. Those reports only document that claimant's mental condition is medically stable and show little relevance to a claim for physical disability.

* * * In order to clarify any confusion I would like to emphasize the following: *This patient continues to suffer from the same injury as that on December, 1976; this condition is chronic and worse today than at that time; there has been no new injury, only an aggravation of the existing one* from repetitive rapid, cervical rotation; finally, I see no improvement in this condition in the future and therapy will be palliative from here on." (Emphasis supplied.)

The Board rejected the conclusions of Dr. Layman on three grounds. First, it held that it was "far from clear exactly what portion of claimant's cervical problems were caused by the 1976 injury." Second, because Dr. Layman has only treated claimant since November, 1980, the Board concluded he could not state whether she is worse than in March, 1980. Third, the Board noted an alleged inconsistency between Dr. Layman's reports and reports of the psychiatrists and psychologists which stated that it is not possible objectively to verify claimant's subjective complaints and that claimant's personality seems to result in some exaggeration of those complaints. On *de novo* review, we do not agree that the reasons given by the Board justify giving Dr. Layman's opinion no weight.

■ It is not necessary for a claimant to establish "exactly what portion" of her condition is related to the compensable condition. Dr. Layman states that there is no new injury and that claimant continues to suffer from the same compensable injury which is now worse. That is sufficient. Furthermore, doctors who have not seen a claimant for the original claim are often called on to express an opinion based on their knowledge of the claimant as to whether a condition has worsened. Although the fact that a physician does not examine claimant immediately after the original claim may affect the weight which the report is to be given as against the reports of other doctors who did examine her, it cannot be used as a basis for totally discounting that kind of evidence when that is all that is presented. That is particularly true where, as here, Dr. Layman documents a significant worsening of claimant's condition which occurred during the period of time when he treated claimant.

■ The Board's third reason for discounting Dr. Layman's opinion that psychiatrists and psychologists have noted that claimant has a tendency to exaggerate some of her

complaints does not persuade us to give Dr. Layman's opinion no weight. To the contrary, we conclude that his report supports an objective worsening of claimant's condition related to her work after the last award of compensation.

Reversed; order of referee reinstated.