Argued and submitted April 8, 1985, affirmed May 21, 1986

In the Matter of the Compensation of
Philip F. Lyster, Claimant.

KIENOW'S FOOD STORES, INC.,
*Petitioner,*

*v.*

LYSTER et al,
*Respondents.*

(82-10572 and 83-00589; CA A32603)

719 P2d 890

Patric J. Doherty, Portland, argued the cause for petitioner. With him on the brief were Dennis R. VavRosky and Rankin, McMurry, VavRosky and Doherty, Portland.

Robert D. Wollheim, Portland, argued the cause for respondent Philip F. Lyster. With him on the brief were Welch, Bruun and Green, Portland.

Jerald P. Keene, Portland, argued the cause for

respondents Cupples Paper Bag Company and Royal Insurance Co. With him on the brief were Craig A. Staples and Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Kienow's Food Stores, Inc. (Kienow's) seeks judicial review of an order of the Workers' Compensation Board affirming the decision of the referee.[1] It raises two issues. The first is whether the Board erred in refusing to remand the case to the referee for the consideration of additional evidence. The second is whether a time loss disability constituted an aggravation of an injury sustained while working for a previous employer or a new injury. We conclude that the Board was correct in refusing to remand and in finding an aggravation of claimant's earlier injury. We affirm.

On June 27, 1980, while employed by Kienow's, claimant suffered a compensable neck and shoulder injury which was nondisabling. It occurred while he was lifting a 50-pound box of produce. He testified that he felt neck and right shoulder pain and that something "pulled." He saw a doctor the next day and had a stiff neck for some time thereafter. There was no time loss. Claimant left Kienow's employ in October, 1980. He sought no further treatment in the period of his employment with Kienow's and did not limit his work or off the job activities.

Claimant began working for Cupples Paper Bag (Cupples) in January, 1981. Dr. Gambee, an orthopedist, saw him on June 18, 1981. He noted that claimant complained of stiffness in the neck and shoulder and a "cracking" sound in the shoulder. Claimant related those symptoms to the injury at Kienow's.

Dr. Holman, a chiropractor, reported on September 3, 1982, after reviewing claimant's complaints and the history, "I cannot 100% say that this injury * * * is related to the injury of 1980[;] however[,] in reviewing his comments and the situation in which he was injured[,] everything points to the fact that this injury is related to the on the job injury of 1980." He went on to state his opinion that claimant's work at Cupples, including moving 50-pound bundles and putting them onto pallets, would be the kind of work that would continually aggravate the condition.

---

[1] Claimant, in his responding brief, joins Kienow's, assigning essentially the same errors and making parallel arguments.

Claimant filed a claim indicating that on October 10, 1982, he had developed a stiff neck at Cupples while picking up and throwing away strippings from rolls and throwing material into a baling machine. He was seen again on October 11, 1982, by Gambee, who diagnosed a neck sprain phenomenon with brachioplex irritation, "causally related to his original industrial accident." He was also seen by Dr. Long, a physical medicine rehabilitation specialist, who reported on December 14, 1982, that the current right neck and shoulder symptoms reflected a soft tissue strain and were a result of the June, 1980, injury at Kienow's and that the condition was recently aggravated by work performed for Cupples. On December 23, 1982, Long reiterated that he believed that claimant's current problems were related to the 1980 injury. He asserted that, although work performed at Cupples contributed to the recent increase in symptoms, because claimant had not been symptom-free before his work at Cupples, the 1982 incident did not cause a significant injury or change claimant's basic underlying condition.

Long changed his opinion on April 11, 1983, and stated that, after reviewing the medical records provided to him and his own records, he believed that the 1980 injury at Kienow's was a material contributing factor to claimant's 1982 shoulder problems. He also found it probable that the work performed at Cupples between June, 1981, and October, 1982, contributed independently to the shoulder problem. He believed that the increase in symptoms occurring in September and October, 1982, indicated a worsening of the pre-existing underlying condition.

Gambee stated on April 25, 1983, that the work at Kienow's was the cause of most of claimant's persisting complaints. He labeled it the "triggering" force and asserted that the work at Cupples probably was not much of a causative factor. He did not believe that the work at Cupples caused any pathological worsening of the pre-existing problems.

Dr. Schmidt stated on April 26, 1983, that the Kienow's injury formed a "substrate" of injury which was exacerbated by the work at Cupples. He concluded that the 1982 event was an exacerbation of a "pattern" which had begun in 1980. On May 31, 1983, Gambee called claimant's injury at Kienow's the causative factor behind his neck

problem and brachioplexus neuritis and said that in his opinion the work activity simply aggravated or irritated them and made him worse only temporarily.

The referee held that the total weight of the collective doctors' opinions showed an aggravation. Several months after the referee's decision was issued, and after a request by petitioner's claims handler, Long prepared another report. The Board affirmed the referee, denied petitioner's motion to remand for the taking of evidence of that report and refused to consider it in its own review. We agree with the Board and decline to remand to the referee for the taking of further evidence.[2]

ORS 656.295(5) provides that, "if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it may remand the case to the referee for further evidence taking, correction or other necessary action." The Board properly found that the case had not been "improperly, incompletely or otherwise insufficiently developed." Additionally, there must be "good cause" or some other compelling basis for this court to remand. *See, e.g., Russell v. A & D Terminals,* 50 Or App 27, 30, 621 P2d 1221 (1981). We find none in this case.

■ The new report in question was based on information available before the hearing. According to the report, claimant's symptoms had not changed significantly since before the hearing. The report was merely an attempt by Long to explain the change in his opinions. There is no compelling reason for remanding to the referee. *See Gallea v. Willamette Industries,* 56 Or App 763, 643 P2d 390 (1982).

■ The second issue is whether the disability was an aggravation of the first injury sustained at Kienow's or a new injury caused by activity at Cupples which contributed to the disability. On *de novo* review, we are convinced that the work

___

[2] This court cannot, as claimant argues, directly consider Long's additional medical report in our judicial review. ORS 656.298(6) gives this court the power to "hear additional evidence concerning disability that was not obtainable at the time of the hearing." Long's report was not *available* at that time, because it was not in existence, but it was *obtainable.* It only needed to have been requested at the appropriate time. *Penifold v. SAIF,* 49 Or App 1015, 1021 n 7, 621 P2d 646 (1980).

conditions at Cupples, although capable of causing the disability, did not contribute to it. Therefore, the first employer, Kienow's, is liable. The conclusions of the referee and the Board are amply supported by the record.

First, the physicians who have examined claimant are nearly unanimous in their opinions that his underlying condition was not changed by the Cupples incident. That work merely aggravated the symptoms of his condition. We find that view persuasive. The lone dissenter is the current treating physician, Long, who, until April, 1983, concurred with the aggravation diagnosis of the other physicians. Ordinarily, more weight will be given to the opinion of the treating physician. *See, e.g., Weiland v. SAIF,* 64 Or App 810, 669 P2d 1163 (1983). However, in this case, Long did not examine claimant at the critical times, that is, soon after the injuries. He examined him for the first time two months after the Cupples incident. Because he had no basis of comparison with claimant's previous condition, we do not accord his opinion regarding a change as much weight as we do the opinions of the physicians who were able to observe claimant's condition before the October, 1982, incident. *See Orman v. SAIF,* 68 Or App 260, 263, 680 P2d 1024 (1984).

In comparison, Gambee examined claimant after the injury at Kienow's and before the Cupples incident, as well as the day after that incident. Therefore, his opinion that there was no "pathological worsening of [claimant's] pre-existing problems" due to the Cupples incident has some persuasive force. He had an opportunity to observe claimant's underlying condition before the second injury. In addition, Holman had examined claimant one month before the incident at Cupples. He found that the right scapula was rotated medially from its normal position. He repositioned it but predicted that it would misalign when claimant began work again.

Responsibility in such a case does not shift to the later employer.

"If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second. * * * This group * * * includes the kind of case in which a man has suffered a back strain, followed by a

period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion." *SAIF v. Brewer,* 62 Or App 124, 128, 659 P2d 988 (1983) (quoting 4 Larson, *Workmen's Compensation Law* 17-71 - 17-78, ¶ 95.12 (1976) (emphasis deleted)).

The example given by Professor Larson is particularly appropriate to this case.[3] *See also Bracke v. Baza'r,* 293 Or 239, 244, 649 P2d 1330 (1982); *Smith v. Ed's Pancake House,* 27 Or App 361, 364, 556 P2d 138 (1976).

Finally, we also note that, ever since the Kienow's injury, claimant has continually experienced symptoms for which he has consulted physicians. One month before the Cupples incident, he consulted Holman, complaining of neck pain, stiff neck, sleeping problems and back and right shoulder pain. His activity at Cupples caused the condition he incurred at Kienow's to become disabling. *See CECO Corp. v. Bailey,* 71 Or App 782, 693 P2d 1325, *rev den* 299 Or 154 (1985).

Affirmed.

---

[3] Professor Larson refers to a "second period of disability." We do not find it significant that the first injury at Kienow's did not result in time loss or a period of disability.