Argued and submitted March 24, reversed and remanded November 12, 1986

In the Matter of the Compensation of
John A. Graham, Claimant.

GRAHAM,
*Petitioner,*

*v.*

SCHNITZER STEEL PRODUCTS et al,
*Respondents.*

(WCB 84-01383, 84-03399; CA A36845)

728 P2d 57

Noreen K. Saltveit, Portland, argued the cause for petitioner. With her on the brief was Noreen K. Saltveit and Associates, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents Schnitzer Steel Products and SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Catherine Riffe, Portland, argued the cause and filed the brief for respondents United Pacific Insurance Company and Bernice's Maintenance Service.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's decision that he is not entitled to compensation for a back condition that he claims is related to his employment.

■ Claimant presents his claim under three theories. He asserts first that his back condition is compensable as an occupational disease. We agree with the Board that there is no evidence of an occupational disease. He also asserts that he suffered an injury while employed by the most recent employer, Bernice's Maintenance Service. We defer to the referee's credibility findings and conclude that claimant has not established a new compensable injury. His third theory is that his present condition is an aggravation of a compensable injury that he suffered in 1980. The referee held that, because claimant had received no permanent partial disability award on that injury claim, he could not claim an aggravation of that injury; the Board affirmed without comment. That proposition is not necessarily correct, and we have held to the contrary in at least one case. *Kienow's Food Stores v. Lyster,* 79 Or App 416, 719 P2d 890 (1986).

■ That a compensable injury may not be disabling after the worker becomes medically stationary does not preclude the condition, as a matter of law, from getting worse at a later time. Whether a claimant is able to prove an aggravation is a question of fact, but that is no reason why he should not be entitled to have his aggravation claim considered.[1] We understand the referee and the Board to have refused to consider the aggravation claim for the reason stated by the referee. We remand for consideration of that part of the claim.

Reversed and remanded to Board for consideration of aggravation claim.

---

[1] ORS 656.273(4)(b) recognizes that an aggravation claim may be made for a nondisabling injury:

"If the injury was nondisabling and no determination was made, the claim for aggravation must be filed within five years after the date of injury."