Submitted on remand from the Oregon Supreme Court September 3, remanded to referee for taking additional evidence and for reconsideration December 31, 1986

In the Matter of the Compensation of
John E. Cain, Claimant.
CAIN,
*Petitioner,*

*v.*

WOOLLEY ENTERPRISES et al,
*Respondents.*

(WCB 82-10108; CA A34771)

730 P2d 1274

James L. Edmunson, Eugene, appeared for petitioner. With him on the brief were Christopher D. Moore and Malagon & Associates, Eugene.

Donna Parton Garaventa, Salem, appeared for respondent SAIF Corporation. With her on the brief were Dave

Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent Woolley Enterprises.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

The Supreme Court remanded this case to us for reconsideration in the light of its decision in *Compton v. Weyerhaeuser Co.,* 301 Or 641, 724 P2d 814, (1986). The question is whether additional evidence not available at the time of the hearing should be considered in determining whether claimant suffered an aggravation of a compensable back injury.

In March, 1983, the referee found that claimant had suffered an aggravation, relying on Dr. Smith's "unopposed recommendation for further surgery." After the surgery, but without reviewing surgical reports, the Board determined that claimant had not suffered an aggravation. Claimant asked the Board to reconsider its decision and to consider examination and operative reports prepared by Smith before and after the two surgeries, but after the hearing, or to remand the case to the referee for consideration of the reports. The Board refused, indicating that the reports might be relevant to a subsequent aggravation claim, but not to the question of whether claimant had suffered an aggravation on the date of the hearing. We also denied a motion to consider the additional evidence or to remand for additional evidence taking and affirmed, without opinion, the Board's reversal of the referee.

On remand, we are instructed to consider whether it is reasonably likely that the additional evidence would affect the outcome of claimant's aggravation claim. The reports were prepared by Smith, the doctor on whose opinion the referee relied in concluding that claimant had suffered an aggravation of his back injury. They relate directly to the surgery which Smith recommended and later performed on the back. We conclude that it is reasonably likely that the reports will either support or discredit Smith's opinion that claimant had suffered an aggravation of his back injury at the time of the hearing. We remand to the referee for consideration of the new evidence.

Remanded to the referee for taking additional evidence and for reconsideration.