Argued and submitted July 23, 1986, affirmed on petition and cross-petition
January 28, 1987

In the Matter of the Compensation of
John P. Kleger, Claimant.

KLEGER,

*Petitioner - Cross-Respondent,*

*v.*

UNIVERSAL UNDERWRITERS INSURANCE et al,

*Respondents - Cross-Petitioners.*

(WCB 84-07458, 83-10245; CA A37255)

732 P2d 48

Howard R. Nielsen, Salem, argued the cause and filed the brief for petitioner - cross-respondent.

Richard C. Pearce, Portland, argued the cause and filed the brief for respondents - cross-petitioners.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant seeks review of an order of the Workers' Compensation Board which held that the medical treatment he sought was necessitated by a compensable injury but that the compensable condition had not worsened since the last arrangement of compensation so as to require a reopening of the claim. On *de novo* review, we affirm on the petition and write only to consider, in the light of *Compton v. Weyerhaeuser,* 301 Or 641, 724 P2d 814 (1986), insurer's argument on cross-petition that the Board should have remanded the case to the referee for the taking of additional evidence which allegedly shows that the condition for which claimant seeks medical benefits is not related to his compensable injury. The evidence consists of surveillance films taken after the hearing showing claimant performing activities which he suggested at the hearing he was unable to perform, the testimony of the investigator who made the films, reports of claimant's treating doctor, who, after viewing the films, changed his opinion concerning the cause of claimant's condition, and the report of a second doctor who examined claimant after the hearing.

As the Board stated, the surveillance films are offered, in part, to impeach claimant's testimony. The record shows that insurer was aware, before the hearing, of claimant's tendency to exaggerate his disability. It could have had the films made before the hearing. The medical reports deal with the cause of claimant's present condition requiring medical treatment and support the conclusion that the condition is not related to the compensable injury. The reports could have been obtained before the hearing, if the doctors had been aware of the true nature of claimant's disability. The fact that claimant misstated his disability at the hearing should not open the door for evidence which insurer, by investigation, could have obtained before hearing. Under the test set out in *Compton v. Weyerhaeuser, supra,* we agree with the Board that the evidence should not be considered.

Affirmed on the petition and on the cross-petition.