Argued and submitted September 2, reversed and remanded to referee for taking of additional evidence October 14, 1987

In the Matter of the Compensation of
Dennis L. Priest, Claimant.

PRIEST,
*Petitioner,*

*v.*

SILCO CONSTRUCTION COMPANY et al,
*Respondents.*

(WCB 85-08762; CA A42733)

743 P2d 1150

Thomas O. Carter, Portland, argued the cause and filed the brief for petitioner.

Allan M. Muir, Portland, argued the cause for respondents. With him on the brief were Dennis S. Reese and Schwabe, Williamson & Wyatt, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Claimant seeks review of a Workers' Compensation Board order that reversed the referee's order and reinstated both the original determination order and the insurer's denial of responsibility for a proposed arthroscopy. We reverse and remand to the referee for the taking of additional evidence.

Claimant sustained a compensable right knee injury on March 20, 1985. He was awarded only time loss benefits by the determination order, and the claim was closed on July 3, 1985. On November 22, 1985, insurer denied responsibility for claimant's requested arthroscopic knee surgery. After a hearing, the referee found that the claim had been prematurely closed and reversed the denial of responsibility. The surgery was performed on July 16, 1986. The Board, without benefit of the surgeon's report, reversed the referee and reinstated both the determination order and insurer's denial of the arthroscopy. Under ORS 656.298(6), we "may remand the case to the referee for further evidence taking, correction or other necessary action,"[1] and we do so here so that the referee and the parties may have a full opportunity to develop the record in light of the post-hearing arthroscopy and the surgeon's report.[2]

Reversed and remanded to the referee for taking of additional evidence.

---

[1] ORS 656.298(6) was amended by Or Laws 1987, ch 884, § 12a, to delete, *inter alia,* the quoted language. The amendment will become effective January 1, 1988. Or Laws 1987, ch 884, § 63(1).

[2] We find the reasons to remand "compelling," *Brenner v. Industrial Indemnity Co.,* 30 Or App 69, 73, 566 P2d 530 (1977), because the post-surgical evidence concerns claimant's disability, was not available at the time of the hearing and involves a reasonable likelihood that the outcome of the case may be affected. *See Cain v. Woolley Enterprises,* 301 Or 650, 654, 724 P2d 819 (1986).